RUSSELL WITHERELL *vs.* MILWAUKEE & ST. PAUL RAILWAY COMPANY.

March 9, 1878.

**Negligence—Liability of Railroad where Domestic Animals are on Track Through Fault of Owner—Locke v. First Div. St. P. & P. R. Co. 15 Minn. 350, Approved and Explained.**—If domestic animals are on the track of a railroad by the fault of the owner, such owner takes all reasonable risks of injury to them from passing trains; and while the railroad company is not bound to presume that such animals will be upon the track, they are not authorized to injure them wilfully or carelessly, but are bound to use reasonable care to avoid injuring them. By the exercise of reasonable care is meant the making of the same effort to avoid injuring an animal as a prudent man, owning both train and cattle, would make with proper regard for both. The foregoing rules laid down in *Locke* v. *First Div. St. P. & P. R. Co.*, 15 Minn. 350, approved, with a comment and explanation to the effect that, considering that the owner of the cattle is at fault in suffering his cattle to go upon the track, and that the railroad company is engaged in the exercise of a lawful right, and in the discharge of a public or *quasi* public act; and considering further the relative value and importance of a train, and of the lives and limbs of the persons upon it, as compared with the value of domestic animals, a proper regard for both train and cattle would make the duty to avoid injury to the train, and those upon it, primary and paramount to the duty of avoiding injury to the cattle.

This action was commenced before a justice of the peace in Dakota county, and subsequently brought by appeal upon questions of law and fact to the district court for the same county, where it was tried by *Crosby*, J., and a jury. The action was brought to recover damages for the killing of a colt, through the alleged negligence of the defendant. Plaintiff having rested, the defendant moved for a nonsuit, upon the ground that the evidence disclosed no cause of action against the defendant; the colt having been a trespasser, and the defendant not being liable except for the wilful injury or reckless misconduct of those employed in the management of the train. The motion for a nonsuit was denied, and defendant duly excepted.

The defendant also excepted to the following language in

the general charge of the court: "Negligence, gentlemen of the jury, is the want of such care as a person of ordinary prudence would exercise under similar circumstances. In determining this question you will bear in mind the definition of negligence which I have given you. It is the want of such care as a person of ordinary prudence would exercise under the same circumstances. Applying this definition of negligence, you will determine from the evidence whether the defendant was negligent. If you find that it was not, your verdict will be for the defendant; if you find it was, your verdict will be for the plaintiff."

The court also said: "The plaintiff asks a special finding upon the only point that is really important in the case. He asks you to find this question: 'Did the defendant's employes in charge of the train, after they discovered the peril of the colt, omit to do something to avoid striking the colt, which they might prudently have done, with reference to the safety of the train and passengers?' That you may answer by yes or no, as you may find the fact, and leave it with your general verdict."

The following requests, in behalf of the defendant, were respectively refused by the court:

"1. To return a verdict for the defendant.

"2. The defendant had the right to presume that the plaintiff would keep his colt at home, where he belonged, and owed the plaintiff no duty to look ahead to see where the colt was.

"3. That the defendant, as against this plaintiff, was under no obligations to set the brakes or endeavor to stop the train, until those in charge of the train saw the plaintiff's colt upon the track."

The jury after being out all night, returned to the court-room for further instruction on the following question, which was submitted to the court in writing:

"At the time that the counsel for the defendant asked the court to grant a nonsuit for the reason that there was not sufficient evidence to show that there was any negligence upon

the part of the employes of the company, did not the court overrule said motion on the ground that in his opinion there was sufficient evidence to go to the jury in regard to the negligence of the employes of said company?"

The court answered: "The question of the sufficiency of the evidence the court did not pass upon. The court simply held that there was some evidence the jury might consider, and it is for the jury to determine whether the evidence was sufficient to establish the fact of negligence or not. The court cannot instruct the jury what weight should be given to the evidence. Courts should not indicate to the jury what facts the evidence establishes. If in any case there be any evidence to establish a particular fact, the court will not take the case away from the jury, but submit the evidence to the jury and let them determine from the evidence whether the fact was established or not."

The jury, thereupon, after a short deliberation, returned a verdict for the plaintiff, and answered "Yes," as to the special finding submitted by the plaintiff under the instructions of the court.

The defendant subsequently moved for a new trial, and the motion having been denied defendant appealed.

*Gordon E. Cole*, for appellant, argued that it was undisputed that the engineer did not see the colt until the engine was about sixty-four rods from the place where the colt was killed; that the colt did not get upon the track until the engine was within thirty-five or six rods of the place where it was killed, and that it was then too late to stop the train. *Locke v. St. P. & P. R. Co.* 15 Minn. 350. He further argued that it appeared from the expert testimony that the train could only have been stopped from the time the colt was first seen, so as to avoid accident, by the use of the most strenuous exertions and extraordinary diligence, and that such unusual efforts were not required in order to avoid injury to trespassing cattle; that the proximate cause of the collision was placing the colt in a field with an insufficient fence, whereby he

escaped into an adjoining field and from thence to the railroad track; that the plaintiff was thereby guilty of negligence contributing to the loss of the colt, without any wilful or wanton neglect upon the part of the defendant, and that therefore the plaintiff could not recover. *Locke* v. *St. P. & P. R. Co.* 15 Minn. 350; *Donaldson* v. *M. & St. P. R. Co.* 21 Minn. 293, 297; *Tonawanda R. Co.* v. *Munger*, 5 Denio, 255; *Maynard* v. *Boston & Maine Railroad*, 115 Mass. 458; *Munger* v. *Tonawanda* 4 N. Y. 349: *Hance* v. *C. & T. R. Co.* 26 N. Y. 428; *N. P. R. Co.* v. *Behwan*, 5 Am. Law Reg. 49; *R. Co.* v. *Skinner*, 19 Pa. St. 298; *Williams* v. *Mich. Cent. R. Co.* 2 Mich. 260; *Fisher* v. *F. L. & T. Co.* 21 Wis. 74; *Vandegrift* v. *Rediker*, 2 Zab. 185; *Price* v. *N. J. R. Co.* 2 Vroom, 229; *N. P. R. Co.* v. *Rollins*, 5 Kan. 168; *C. H. & D. R. Co.* v. *Waterson*, 4 Ohio St. 424. Also that the cases seeming to conflict with the above position were based upon local statutes, (*Alger* v. *M. & M. R. Co.* 10 Iowa, 268,) and that, under such circumstances, ordinary care was alone required of railroads, even by the most advanced authorities. *Bemis* v. *Passumpsic R. Co.* 42 Vt. 375; *I. C. R. Co.* v. *Thomas*, 14 Am. Law Reg. 290; *Jackson* v. *R & B. R. Co.* 25 Vt. 150.

*Clagett & Searles*, for respondent, argued that while there was no duty incumbent upon a railroad company to discover trespassing cattle, or to run its trains with the expectation of meeting such cattle, yet that when they were actually discovered reasonable care must be used to avoid injuring them. *Railroad* v. *Caufman*, 28 Ill. 513; *Railroad* v. *Middlesworth*, 46 Ill. 494; *Railroad* v. *Baker*, 47 Ill. 295; *Stucke* v. *M. & M. R. Co.* 9 Wis. 202; *Railroad* v. *Bray*, 57 Ill. 514; *Railway* v. *Lewis*, 58 Ill. 49; *Id.* 120; *Shepard* v. *Railroad*, 35 N. Y. 641; *Hance* v. *Railroad*, 26 N. Y. 428; *Railroad* v. *Blackeney*, 43 Miss. 218; *Railroad* v. *Orr*, Id. 279; *New Orleans* v. *Field*, 46 Miss. 573; *Jones* v. *Railroad*, 70 N. C. 626; *Railway* v. *Lawrence*, 13 Ohio St. 66; *Railway* v. *Smith*, 22 Ohio St. 227; *Parker* v. *Railroad*, 34 Iowa, 399; *Bemis* v. *Railway*, 42 Vt. 375; *Cornwall* v. *Sullivan*, 28 N. H. 161;

*Perkins* v. *Railway,* 29 Me. 307; *Railway* v. *Wainscott,* 3 Bush. 149; *Railway* v. *Shriner,* 6 Porter, 141; Sher. & Red. on Neg. § 25; Whart. on Neg. §§ 355, 397; 1 Red. on Railw. § 126, subdiv. 22.

BERRY, J. This action is brought to recover damages for the killing of plaintiff's colt, through the alleged negligent management of one of defendant's railroad trains.

A verdict having been rendered for the plaintiff, the defendant moved for a new trial, on the ground that the verdict was not justified by the evidence, and that errors of law occurred upon the trial, which were duly excepted to.

As appears from the evidence, and is admitted by the plaintiff's counsel, the colt was a trespasser upon defendant's premises, and the defendant in no way responsible for his being there. The case was tried upon the theory that after they discovered the colt upon defendant's premises, and in peril, the defendant's servants were guilty of negligence in so managing the train as to run upon the colt and kill it. In other words, that after such discovery they omitted to do something which they could have done with prudent reference to the safety of the train, as well as of the colt, and which, if they had done it, would have prevented the killing complained of. The rules of law applicable to a case of this kind are correctly laid down in *Locke* v. *First Div. St. P. & P. R. Co.* 15 Minn. 350, to the effect that if domestic animals are on the track of a railroad, by the fault of the owner, such owner takes all reasonable risks of injury to them from passing trains; and that, while the railroad company is not bound to presume that such animals will be upon the track, they are not authorized to injure them wilfully or carelessly, but are bound to use reasonable care to avoid injuring them. It is further correctly held, in the same case, that by the exercise of reasonable care is meant the making of the same effort to avoid injuring an animal as a prudent man, owning both train and cattle, would make with proper regard for both. By way of comment and explanation it may be

added that, considering that the owner of the cattle is at fault in suffering his cattle to go upon the track, and that the railroad company is engaged in the exercise of a lawful right, and in the discharge of a public or *quasi* public duty, and considering further the relative value and importance of a train, and of the lives and limbs of the persons upon it, as compared with the value of domestic animals, a proper regard for both train and cattle would make the duty to avoid injury to the train, and those upon it, primary and paramount to the duty of avoiding injury to the cattle.

As to *Donaldson* v. *Milwaukee & St. Paul Railroad Company,* 21 Minn. 293, (cited and relied upon by defendant,) it was, as distinctly appears in the opinion of the court, a case *upon the facts* of which there was no opportunity for negligence on the part of the employes of the railroad company after the plaintiff stepped upon the track, and in that respect the case is essentially distinguishable from the Locke case and from the case at bar, as it stands upon the evidence.

From the verdict it is to be presumed that the jury were of opinion that the defendant did not in this instance exercise the care required by the foregoing rules. Upon reading the testimony, as it appears upon paper here, it seems to us that to say the least, there is a great preponderance against this conclusion of the jury—so much so that, looking at the testimony alone as it appears here, and irrespective of other considerations, we should be strongly inclined to hold that the new trial prayed for by the defendant should have been granted. But we cannot say that there is not some competent evidence having some reasonable tendency to support the verdict, and considering that the trial below was a second trial of the case; that after being charged the jury remained out all night deliberating upon their verdict; and that the court below, which had opportunities for estimating the value and weight of the testimony which we have not, denied the motion to nonsuit the plaintiff, as also the motion for a new trial, we are of opinion that the verdict cannot be disturbed for the insuf-

ficiency of the evidence. It is not improper to add that we have arrived at this conclusion after a great deal of doubt and hesitation.

The alleged errors of law in refusing the defendant's motion to dismiss for want of evidence to make out the plaintiff's case, and in refusing to direct the jury to bring in a verdict for defendant, are disposed of by what is said above, so far as applicable thereto.

To the general charge of the court only one exception appears to have been taken. That exception, if insisted on here, is disposed of by what we have already said as to the rules of law applicable to cases of this kind.

The question submitted to the jury for a special finding, though it does not go far enough to embrace the gist of the case, was not objected to on that or any other account, but was allowed to be put to the jury as it is.

The remaining alleged errors consist in the refusal of the court to give two requests made by defendant for instructions to the jury. As respects the first request, its substance is completely covered by the charge of the court. The other request is as follows, viz.: "That the defendant, as against this plaintiff, was under no obligations to set the breaks or endeavor to stop the train, until those in charge of the train saw the plaintiff's colt on the track."

This request is clearly inaccurate, for the reason that the duty to take the precautions mentioned might arise if the colt had been seen standing near the track or approaching it; as the court below says, in its general charge, it is the discovery of the *"peril of the colt"* which calls upon those managing the train to take measures to prevent injury. Apart from this inaccuracy, the substance of this request is amply covered by the general charge of the court.

Order denying new trial affirmed.