PETER PALMER *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

July 20, 1887.

**Railway Company—Negligence—Animals on Track.**—Rule in *Locke* v. *First Div., etc., R. Co.*, 15 Minn. 283, (350,) that in case of an animal trespassing on the track of a railroad company, without the fault of the company, there is no duty of watchfulness on the part of those in charge of its trains to ascertain if the animal be there, and that their duty of care with respect to it arises only upon their discovering its peril, applies as well in the case of an animal wrongfully upon a highway at a railroad crossing.

Appeal by defendant from an order of the district court for Wadena county, *Baxter,* J., presiding, refusing a new trial.

*John C. Bullitt,* for appellant.

*B. F. Hartshorn,* for respondent.

GILFILLAN, C. J.[1] Action for running upon and killing plaintiff's horse. The horse was at large in a public highway, grazing near the crossing of defendant's road, when, a train of cars coming along at its usual speed, the horse ran upon the track, in front of the train, and the train ran upon and killed it. It does not appear that the electors of the town had determined where cattle, horses, etc., should be permitted to go at large. The horse was therefore wrongfully in the highway. It is doubtful that the evidence as to the defendant's negligence, and also as to contributory negligence on the part of plaintiff, was such as to justify submitting the case to the jury. Conceding, however, that it was, still there must be a new trial for refusal of the court to instruct the jury as requested by defendant.

There were several requests on its behalf, presenting, in various forms, practically the same proposition, which the court refused to give. We need specify only two of them, as they express the gist of all: "If the jury believe from the evidence that the plaintiff's horse, at the time of the injury complained of, was running at large, it is instructed that the verdict must be for defendant, unless it further be-

[1] Berry, J., because of illness, took no part in this case.

lieves that, after the discovery of the peril of the horse, the defendant's servants were guilty of negligence," and that if the horse was running at large, plaintiff, in order to recover, must prove two facts, viz.: "That, prior to actually striking the horse, the defendant's servants discovered its peril;" and "that, after the discovery of the horse's peril, defendant's servants failed to do something which they ought to have done to avoid striking it, and which, if done, would have been effectual to prevent the collision."

These propositions, or, rather, this proposition twice stated, is in exact accord with what was decided by this court in *Locke* v. *First Div., etc., R. Co.*, 15 Minn. 283, (350,) and reiterated in *Witherell* v. *Milwaukee & St. Paul Ry. Co.*, 24 Minn. 410. It is true those were cases where the animals were wrongfully upon the lands of the railroad company, while in this it was wrongfully upon the highway, at the place where the trains had a right to cross,—there through the fault of the plaintiff, and not of defendant. This difference makes no difference in the principle. In either case those in charge of the train were not bound to presume that the animal would be where it was. They "had a right to presume that the plaintiff would keep her at home, where alone she belonged; consequently they owed no duty to plaintiff to look ahead, and see where the animal was." *Locke* v. *First Div., etc., R. Co., supra.* Their duty to persons or animals rightfully on the highway would have required them to be on the lookout to ascertain if there was any chance of injury to such persons or animals; but with that duty, and its extent and its observance, the plaintiff, whose animal, through his own fault, was wrongfully there, had no concern. Defendant is no way answerable to plaintiff for any neglect in its duty towards others. Without any duty to anticipate that the horse might be in danger, or to exercise care to ascertain if it was in danger, the duty of those in charge of the train of cars in respect to the horse arose from the time they discovered it was in danger.

Order reversed.