HENRY L. HOHL v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.[1]

June 10, 1895.

Nos. 9302—(106).

**Railway Company—Killing Animals on Track.**

Where, within the limits of a town, in which the common-law rule as
to domestic animals going at large was in force, the colt of the plaintiff,
without his fault, escaped from his premises, and went upon the public
highway, and was killed at a crossing thereof by reason of the negligence
of the persons in charge of the defendant's railway train, *held* that, what-
ever may have been the case as to the public, the colt was not unlawfully
running at large upon the highway as against the defendant, so as to bring
the case within the rule of Locke v. First Div., St. Paul & P. R. Co., 15
Minn. 283 (350).

**Same—Statutory Signals.**

In this case, a failure to give the statutory signals at the highway cross-
ing, as required by G. S. 1894, § 6637, was competent evidence tending to
establish the negligence of the defendant.

**Same.**

Evidence considered, and *held* to sustain the verdict.

Appeal by defendant from an order of the district court for Hous-
ton county, Whytock, J., denying a motion for a new trial. Af-
firmed.

*W. R. Duxbury*, for appellant.

*E. H. Smalley*, for respondent.

START, C. J.    Action to recover the value of a colt killed at a
highway crossing in the town of Hokah, Houston county, on the
night of September 27, 1893, by being struck by defendant's railway
train.    Verdict for the plaintiff, and from an order denying its mo-
tion for a new trial the defendant appealed.    The assignments of
error may be included in two general questions:    (1) Was the colt
unlawfully at large upon the highway when killed?    (2) Is the ver-
dict sustained by the evidence?

1. It is practically conceded that the colt was killed by being
struck by a locomotive in charge of the defendant's servants, at a

[1] Reported in 63 N. W. 742.

highway crossing in the town of Hokah, wherein domestic animals were not permitted to run at large; or, in other words, the common-law rule on this subject was in force at this time at the locus in quo. The verdict establishes the fact that the statutory signals required by G. S. 1894, § 6637, were not given by such servants or any of them.

It is claimed by the defendant that the colt was unlawfully upon the highway, and a trespasser on its track, and therefore it owed no duty of care as to the safety of the colt, and was not required to comply with the statute as to ringing the bell and blowing the whistle, until it was actually discovered on or near the track. If it is true that the colt was unlawfully on the highway where the railway crossed it, the conclusion claimed by defendant necessarily follows, under the rule established by the repeated decisions of this court; but whether or not the colt was lawfully on the highway, as against the defendant, means nothing more than that it was there under such circumstances as entitled its owner, the plaintiff, to have the required signals given, and the observance of due care in the premises on the part of the defendant's servants in the management of the railway train.

Whether or not domestic animals, where they are not permitted by vote or by law of the town to go at large are unlawfully on the highway, so as to exonerate railway companies from liability to the owners for their injury at highway crossings by the negligence of the servants of the railway companies in not seasonably discovering and averting the peril to the animals, depends upon the conduct of their owner. In its last analysis the question is whether or not the owner of the animals was guilty of negligence in their management, whereby they escaped and went upon the highway. If the owner of such animals has not kept them within his own inclosure when he might have done so by proper care, he cannot recover from a railway company for running over them at a highway crossing without first showing that the train was carelessly managed, or some statutory duty was omitted after the animals were discovered upon or near the track, whereby they were injured.

In such a case the animals are unlawfully at large by reason of the fault of their owner, and the duty of the railway company to exercise care as to their safety does not commence until they are

actually discovered. But, on the other hand, where such animals escape from their inclosure through no fault of their owner and go upon the highway, whatever may be their status as to the public, they are, as to the duty of the railroad company to exercise care in the running of its trains over the highway crossing, to be regarded as lawfully upon the highway, and not as trespassers. There is a clear distinction as to the measure of care which the railway company owes to the owner of domestic animals who voluntarily permits them to go at large and one who uses due diligence to restrain them. It is the general duty of a railway company to observe due care in the movement of its trains over a highway crossing, and to give the statutory signals in order to secure, so far as may be done by the exercise of ordinary care, the safety of domestic animals lawfully upon the highway. Fritz v. First Div., St. Paul & P. R. Co., 22 Minn. 404; Palmer v. St. Paul & D. R. Co., 38 Minn. 415, 38 N. W. 100.

Now, to place the owner of such animals, where they escape from his control through no fault of his own, outside of this rule and the pale of the law, and make his misfortune the justification of the railway company for its negligence and disregard of the laws of the state, would violate the simplest principles of justice and morality. A brief reference to the authorities will indicate that, if the plaintiff exercised ordinary care in keeping his colt within his custody and control he did all that the law required him to do, and was guilty of no fault which could affect his right to recover in this case, and that, as to the conduct of the defendant in the management of its train, his colt must be regarded as having been lawfully in the highway. It is only where the owner suffers or permits his animals to go at large that as to him they may be treated as trespassers upon the highway.

In the case of Locke v. First Div., St. Paul & P. R. Co., 15 Minn. 283 (350), the plaintiff allowed or suffered his cow to go at large, and she was killed by the defendant's locomotive at a crossing, and it was held that the cow was unlawfully at large, and that the burden was upon the owner to show that the train was carelessly managed after the cow was discovered upon or near the track, and the court expressly says that this rule applies to an owner who has not kept his animals within his own inclosure when he might have done so by proper care. In all the cases which follow the Locke Case

the animals were at large by reason of the fault of their owners. Thus in the case of Witherell v. Milwaukee & St. P. R. Co., 24 Minn. 410, the animal was on the track by the fault of the owner. Such was also the case of Palmer v. Northern Pac. R. Co., 37 Minn. 223, 33 N. W. 707. The horse killed was running at large and wrongfully in the highway. The horse could do no wrong, but its owner could, by permitting it to run at large in the highway. In Stacey v. Winona & St. P. R. Co., 42 Minn. 158, 43 N. W. 905, the cattle were permitted to go into an unfenced cornfield, whence they wandered upon the highway crossing, and were killed by defendant's railway train; they were at large by the fault of their owner, and therefore wrongfully in the highway, and the Locke Case was properly followed.

On the other hand, in the case of Palmer v. St. Paul & D. R. Co., supra, so far as it appears, the animals were lawfully in the highway, and were killed by defendant's railway train at the crossing, and it was held that evidence tending to show that the statutory signals were not given was competent to show negligence on the part of the defendant. In the case of Fawcett v. York & N. M. R. Co., 16 Q. B. 610, the plaintiff's horses escaped from their inclosure, and went upon the highway crossed by the defendant's railway track, and were killed by reason of the failure of the defendant to comply with the statute as to keeping certain gates closed. Plea that the horses were unlawfully upon the highway, and it was held that, whatever may have been the case as against the public, the horses were lawfully in the highway as to the railway company. The cases of Isbell v. New York & N. H. R. Co., 27 Conn. 393; Bulkley v. New York & N. H. R. Co., 27 Conn. 479; and Towne v. Nashua & L. R. Co., 124 Mass. 101,—fully sustain the proposition that, where domestic animals escape from their inclosure without the fault of their owner, they are not to be regarded as unlawfully running at large in an action against a railroad company for injuries to them by its negligence. See, also, Parker v. Lake Shore & M. S. R. Co., 93 Mich. 607, 53 N. W. 834.

The case of North Penn. R. Co. v. Rehman, 49 Pa. St. 101, does not recognize the distinction we have suggested, and states the rule absolutely that the owner of domestic animals must, at his peril, keep them upon his own land, and, if they escape, even without

his fault, and go upon the highway, and are injured at a railway crossing, by the negligence of the company, he cannot recover from it, unless such injury was the result of the gross negligence or willful mischief of the company or its servants.   This is a wrong application of the common-law rule that every man must, at his peril, keep his domestic animals upon his own premises; for while it is true that, if they escape and injure the person or property of another, the owner is liable for the actual damages caused by them, without reference to the fact that they escaped without fault on his part, yet, when a defendant seeks to be exonerated for an injury to them caused by its negligence, the question whether they were at large without the fault of their owner becomes material.   If we are correct in this, it follows that evidence on the trial of this case tending to show that the colt escaped from its inclosure without the fault of the plaintiff was material, and that the defendant's objections thereto were properly overruled; also that its special requests for instructions to the jury were correctly denied, because they ignored the question of the plaintiff's responsibility for the colt being upon the highway.

2. If, as claimed by the defendant, there is no evidence in the case that the defendant's alleged negligence was the proximate cause of the killing of the colt, or if the court assumed in its instructions that if it was a fact that the colt was killed by the locomotive, and the statutory signals were not given, the defendant would be liable, the verdict cannot stand.   We have examined the record as to each of these points, and find that the court did not so assume, but did submit the question to the jury whether or not the alleged acts and omissions of the defendant's servants in charge of the train caused the injury complained of.   The defendant should have requested further and more specific instructions on this point, if there was any reason to apprehend that those given were not sufficiently specific. It is to be observed that the only exception to this part of the charge was in these words:   "The defendant excepts to that portion of the charge of the court with reference to the giving of the signals for the crossing."

It was the duty of the engineer in charge of the locomotive in this case to give the signals at the crossing or cause them to be given. A failure to do so is a misdemeanor.   G. S. 1894, § 6637.   It is

not the province of the court to ingraft upon this statute any limitations not necessarily implied from the language used, and, inasmuch as the giving of such signals has a tendency in some cases to frighten animals from the railway track, we must presume that this was one of the results intended to be secured by the enactment of the law; hence an omission to comply with the statute in this case was evidence of negligence on the part of the defendant, but whether such omission was the cause of the accident or not was a question for the jury.    Palmer v. St. Paul & D. R. Co., supra.

We are of the opinion that the evidence in this case, although in some particulars it was conflicting, and in others somewhat obscure, is sufficient to justify a finding by the jury to the effect that the colt was upon the highway crossing without the fault of the plaintiff, and was killed by the negligence of the defendant in the respects complained of, and that it is sufficient to sustain the verdict.

Order affirmed.