# ROSA B. ST. CLAIR v. DULUTH STREET RAILWAY.[1]

April 13, 1923.

No. 23,305.

**Negligence of driver and motorman questions for the jury.**

1. Whether the driver of the auto of the plaintiff which collided with a street car of the defendant was negligent, whether the motorman was negligent, and whether the motorman was wilfully negligent in failing to exercise ordinary care after seeing the auto in a place of danger, were questions for the jury, and were properly submitted.

**Amendment of complaint at trial proper.**

2. There was no error in allowing at the trial an amendment alleging wilful negligence of the motorman.

**Refusal to charge as to right of way.**

3. The court did not err in refusing to charge that the street car had the right of way.

[1]Reported in 193 N. W. 690.

Action in the district court for St. Louis county to recover $1,500 for injuries to an automobile caused by a street car collision. The case was tried before Cant, J., who when plaintiff rested denied defendant's motion to dismiss and at the close of the testimony its motion for a directed verdict, and a jury which returned a verdict for $650. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Finlayson & Watts*, for appellant.

*Abbott, MacPherran, Gilbert & Doan*, for respondent.

DIBELL, J.

Action to recover for injuries to the plaintiff's auto through a collision with a street car of the defendant. There was a verdict for the plaintiff and the defendant appeals from the order denying its motion for a new trial.

1. The auto was going east on Superior street in Duluth. The street car was approaching from the east. The driver of the auto claims that when she came to Twelfth avenue, which intersects Superior street at right angles, she attempted to turn north and around in the intersection so as to go westerly on the north side of Superior street; that she failed to make a successful turn; that when she stopped, failing to make the turn, the front wheels of her auto, or one of them, was against the north curb at or just easterly of the sidewalk crossing; that she could not go forward; that the defendant's car was approaching from the east; that she could not safely go back; that the street car could not pass the auto as it then stood; and that the motorman negligently, and with wilful negligence, ran into the auto.[1]

The defendant claims that the driver turned the auto to the north on Twelfth avenue, passed over the street car tracks some feet and to a safe distance, and then moved backward immediately in front of the approaching street car then but a few feet away.

Each contention is supported by credible evidence. Not all of the witnesses had the same opportunity of observation. Witnesses participating in or seeing such an accident do not measure distances or time or locations or the succession of events with precision nor do

[1See Per Curiam opinion infra, page 206.]

all see the whole or the same parts of the occurrence. There can be no mathematical demonstration of how the accident occurred. Some one was mistaken. Neither party here could complain that the jury accepted the contention of the other. It is the useful work of juries to determine the facts in such cases and relieve the court of concern over them.

The court submitted the questions of negligence, contributory negligence and wilful negligence in a charge to which no exception was taken. There was evidence that the street car was operated negligently. The evidence did not require a finding that the driver of the auto was negligent in attempting to make a complete turn at the street intersection, nor that her failure was the result of negligence. If the plaintiff's auto was in the position claimed as the street car came from the east, and the motorman saw the peril, and the jury might have found that he did for he was on the lookout, and he failed to exercise ordinary care to avoid injury, he was wilfully negligent within our decisions, and there could be a recovery though the driver of the auto was negligent. Howell v. Great Northern Ry. Co. 125 Minn. 137, 145 N. W. 804. The court charged this. It also charged generally, in the immediate connection, with reference to wilful negligence consisting in a disregard of the rights of others without care whether they were injured. It is now claimed that this portion of the charge was inapplicable to the situation preesnted. Howell v. Great Northern Ry. Co. supra. The charge was prominently directed to the result if the motorman saw the plaintiff's car in danger. Conceding the claim of the defendant the jury was not misled. Besides, the court's attention was not directed to the claim now made so that an obscurity, if any, could be removed. If the auto had passed over the tracks in the avenue in safety, and then had moved back over them immediately in front of the approaching street car so that the front end of the car hit a hind wheel of the auto, which is the defendant's contention not accepted by the jury, it would hardly be claimed that a recovery could be had. The rules of law were properly applied. The evidence sustains a verdict for the plaintiff as it would a verdict for the defendant. The fact features of the case are concluded by the verdict.

2. There was no error in allowing an amendment at the trial alleging wilful negligence. The trial court remarked that there was some ground for the defendant disliking the amendment just as the plaintiff rested, but that there was really no surprise. Only a few knew of the accident, and so far as appears all were present at the trial. It was within the discretion of the court to permit the amendment.

3. The court did not err in refusing to charge that the street car had the right of way under Laws 1917, p. 164, c. 119, § 65, giving to the vehicle approaching from the right the right of way at an intersection. If the accident occurred in the manner claimed by the plaintiff the right of way statute had no application. Neither had it, though for a different reason, if the defendant's theory of the accident is the correct one. The statute applies when two vehicles are approaching an intersection. The direction termed "right" in the statute means the right of the vehicle in the direction in which it is approaching the intersection, not the right hand of the driver if he is backing. No specific instruction was suggested, and the court was right in saying that it would only mislead the jury. Indeed, the construction asked is for evident reasons an impossible one.

Order affirmed.

On May 11, 1923, the following opinion was filed:

PER CURIAM.

The statement in subdivision one relative to the law of wilful negligence may not be clear. There should be no confusion. There was evidence that one of the front wheels of the auto was against the north curb; that the street car could not safely pass it; and that it was approaching so close that it was not safe for the auto to attempt to back and get out—in fact if it backed it was likely to get into a position fraught with greater danger. The jury could believe all this or it could refuse to believe it. If it found this situation there was a peril. If the motorman saw the peril, knew that he could not pass without injury, and the jury could find that he did, he was wilfully negligent if thereafter he failed in the exercise of ordinary care to avoid injury. The situation was much the same as when a car is

stalled on the tracks and the motorman sees it. No one claims that the motorman is guilty of wilful negligence in not anticipating that a car approaching a crossing of the street car tracks will become stalled, or in not anticipating that a car which has passed over the tracks and is on its way will back up on the tracks into a path of danger. With this explanation a reargument is denied.