FRANK G. PALMER *vs.* ST. PAUL & DULUTH RAILROAD COMPANY.

May 14, 1888.

Justice of Peace—Appeal on Questions of Law—Insufficiency of Evidence.—Upon an appeal from a justice of the peace upon questions of law alone, the evidence being returned by the justice as provided by statute, the appellant may make and avail himself of the point that there was no evidence to justify the judgment.

Railway—Accident at Highway Crossing—Failure to Give Signal.— Where cattle lawfully upon a highway are killed by an engine at the crossing of a railway and the highway, evidence that the employes of the railway omitted to ring a bell or blow a whistle before reaching the crossing, as required by statute, is competent.

Appeal by defendant from a judgment of the district court for Chisago county, *Crosby,* J., presiding, affirming a judgment of a justice of the peace, on an appeal on questions of law alone.

*John D. O'Brien,* for appellant.

*John W. Willis,* for respondent.

MITCHELL, J. Gen. St. 1878, c. 65, § 117, provides that upon appeal from a justice of the peace upon questions of law alone, the action shall be tried in the district court upon the return of the justice. In *Barber* y. *Kennedy,* 18 Minn. 196, (216,) we held that the justice's minutes of the testimony were no part of his return, there being no statute requiring or authorizing the return of the evidence. Subsequently section 116 of chapter 65 was amended by providing "that, upon an appeal upon questions of law alone, the justice before whom the action is tried shall, upon the request of either party to the suit, return to the district court a true transcript of all the evidence given upon the trial, and the same shall be filed with the clerk of the district court as a part of the return of said justice." The evidence being now made a part of the return, we are of opinion that the appellant, upon such an appeal, may raise, as a question of law, the point that there was no evidence to justify the judgment. If there be any evidence reasonably tending to support it, the district court could not consider the question of preponderance. That would be a ques-

tion, not of law, but of fact, which should only be determined upon a trial *de novo* upon an appeal upon questions of fact, or of both law and fact. Upon examination, we are of opinion that there was evidence reasonably tending to support the judgment of the justice, and therefore it was properly affirmed.

This is all that is necessary to be said on the case, except upon one point. It was admitted that the animals were killed by defendant's trains on a crossing of its railroad and a public highway. So far as appears, the animals were lawfully on the highway. One of the acts of negligence complained of was the omission to give a signal of the approach of the train, by ringing a bell or blowing a whistle before reaching the crossing, as required by the statute. Sp. Laws 1861, c. 1, § 16. Appellant's contention is, in substance, that these signals are required and intended solely as a warning to human beings, and not to cattle, which are not supposed to be endowed with reason so as to understand their meaning. It is a matter of common knowledge and observation, and supported by evidence in this case, that the blowing of a whistle does often frighten cattle off a railway track, and is frequently resorted to by locomotive engineers for that purpose. When the legislature required the giving of these signals, they may be presumed to have intended them for any purpose which they might naturally or reasonably be supposed to subserve, including the driving of cattle from the railway track. Therefore we are of the opinion that evidence of the omission to give these signals was competent, and it was for the justice to say, under all the circumstances of the case, whether the giving of the signals would have prevented, and the omission to do so caused, the accident. 1 Thomp. Neg. 507, and cases cited.

Judgment affirmed.