(Opinion published 52 N. W. Rep. 381.)

---

CHAS. D. TUTHILL *vs.* NORTHERN PACIFIC RAILROAD CO.

Submitted on briefs May 25, 1892. Decided June 1, 1892.

**Negligence at Railroad Crossing.**

> The mere fact that a person on horseback, engaged in driving cattle along a highway towards a railway crossing, did not ride forward as the cattle approached the same, and look for coming trains, is not conclusive evidence of negligence on the part of such person.

Appeal by defendant, Northern Pacific Railroad Company, from an order of the District Court of Anoka county, *Lochren, J.,* made October 31, 1891, denying its motion for a new trial.

*John C. Bullitt, Jr.,* and *Tilden R. Selmes,* for appellant.

A railroad crossing is in itself a warning of danger, and a person is bound to look and listen before going upon or attempting to cross

the track. If the circumstances are such that a traveler's sense of hearing would not apprise him of his danger, the duty to use his sight becomes the more imperative. Ordinary care, therefore, requires a traveler before going upon a railroad track to look and listen. If he fails to do either he cannot recover, however negligent the defendant may have been in giving warning of the approaching train. In this case the person in charge of the cattle had ample opportunity to see the train if she had looked. She is guilty of contributory negligence in going onto the track without knowing whether the train was coming or not. *Donaldson* v. *Milwaukee & St. P. Ry. Co.*, 21 Minn. 293; *Brown* v. *Milwaukee & St. P. Ry. Co.*, 22 Minn. 165; *Faber* v. *St. Paul, M. & M. Ry. Co.*, 29 Minn. 465; *Abbett* v. *Chicago, Mil. & St. P. Ry. Co.*, 30 Minn. 482; *Loucks* v. *Chicago, Mil. & St. P. Ry. Co.*, 31 Minn. 526; *Hutchinson* v. *St. Paul, M. & M. Ry. Co.*, 32 Minn. 398; *Mark* v. *St. Paul, M. & M. Ry. Co.*, 32 Minn. 208; *Mantel* v. *Chicago, Mil. & St. P. Ry. Co.*, 33 Minn. 62; *Bolinger* v. *St. Paul & Duluth R. Co.*, 36 Minn. 418; *Harris* v. *Minneapolis & St. L. Ry. Co.*, 33 Minn. 459; *Harris* v. *Minneapolis & St. L. Ry. Co.*, 37 Minn. 47; *Marty* v. *Chicago, St. P., M. & O. Ry. Co.*, 38 Minn. 108; *Weyl* v. *Chicago, Mil. & St. P. Ry. Co.*, 40 Minn. 350; *Carney* v. *Chicago, St. P., M. & O. Ry. Co.*, 46 Minn. 220; *Clark* v. *Northern Pac. R. Co.*, 47 Minn. 380.

The person driving the stock was on horseback, therefore she might, as she approached the crossing, have ridden ahead of the stock, and ascertained if any train was coming, before she started across the track. *Atchison, Topeka & S. F. Ry. Co.* v. *Hawkins*, 42 Kan. 355.

*E. Hammons*, for respondent.

The four cattle killed, out of this herd of thirty-two, were the middle ones in the line. The right of way was perfectly straight for a mile and a half, and a hundred feet wide; and the view along the track was wholly unobstructed. These facts were enough to establish the appellant's liability, had there been no person in charge of these cattle. There was no ground for imputing negligence to the girl driving the cattle, unless she knew of the approach of the train; or unless she omitted to take proper care, to learn of its approach.

This was for the jury. *Shaber* v. *St. Paul, M. & M. Ry. Co.*, 28 Minn. 103; *Erd* v. *City of St. Paul*, 22 Minn. 443; *Grand Rapids & Ind. R. Co.* v. *Martin*, 41 Mich. 667.

COLLINS, J. Action to recover the value of certain cattle killed at a highway crossing by one of defendant's locomotives. These cattle, with others, were being driven along the highway to herding grounds beyond the crossing by plaintiff's daughter, who was on horseback. It is not claimed that from the evidence the jury were not justified in concluding that defendant's servants were negligent, but the contention is that the jury were not warranted in finding that the young girl in charge of the cattle did not contribute to this negligence, so as to preclude a recovery. She was well acquainted with the crossing, and knew that no train was due there at that time. The one in question was about one hour late, and running very rapidly in a southerly direction. A grove of trees extended along the highway for some sixty-five rods, and this obstructed the view from the highway to the north, and consequently along the railway, until the right of way was reached, at a point about eighty feet from the nearest rail. The negligent act relied upon by defendant was the failure of the plaintiff's daughter to ride forward in advance of the cattle as they approached the crossing, and look up and down the track for coming trains. The law required of her ordinary care, and it has often been said, in substance, that the measure of ordinary care and prudence is so variable that the question of negligence becomes usually and peculiarly a function for the jury, and that courts can but rarely declare a particular act to be conclusive evidence of negligence. It was clearly within the province of the jury to determine whether, under the circumstances, the girl failed to exercise ordinary care and prudence when omitting to ride forward to a point where she could command a view of the track both ways. See *Beanstrom* v. *Northern Pacific R. Co.*, 46 Minn. 193, (48 N. W. Rep. 778;) *Hendrickson* v. *Great Northern Ry. Co.*, 49 Minn. 245, (51 N. W. Rep. 1044.) There is nothing in the claim that the evidence failed to show that had the proper signals been given there would not have been time for the person

in charge of the cattle to have prevented the killing. Close calculations and exact demonstrations are not required in such matters. In this connection attention is called to *Palmer* v. *St. Paul & D. R. Co.*, 38 Minn. 415, (38 N. W. Rep. 100.) The court was right when refusing to instruct the jury to find for the defendant.

Order affirmed.

(Opinion published 52 N. W. Rep. 384.)

