JOSEPH FRANEK v. EDWARD VAUGHAN.[1]

October 19, 1900.

Nos. 12,325—(89).

Justice of the Peace—Appeal—Exception to Rulings.

It is necessary to except to the rulings of a justice of the peace as to the admission of evidence, the competency of witnesses, and to all other rulings made on the trial, in order to review them on appeal on questions of law alone, except that, where the record shows that there is no cause of action or defense or jurisdiction, it is not necessary to reserve an exception in order to review rulings as to such matters.

Same—Demand for Adjournment.

Rule applied, and held that, where a defendant in justice court after the pleadings are closed duly makes and files his application to have the trial adjourned for one week, and then departs from the court, the action of the justice in entering in his docket a denial of the application and judgment against the defendant, in his absence, may be reviewed, although no exception was taken to the ruling.

Appeal by defendant from a judgment of the district court for

[1] Reported in 83 N. W. 982.

Scott county, affirming a judgment of a justice of the peace in favor of plaintiff, entered pursuant to the order of Cadwell, J. Reversed.

*A. J. Edgerton,* for appellant.

*F. J. Leonard,* for respondent.

START, C. J.

This action originated in justice court. The parties appeared, and, after the pleadings were closed, the defendant duly made application to the justice by filing with him a written request to that effect, to adjourn the case for one week, and left the court. The justice denied the application, and proceeded to hear the case on the part of the plaintiff, and rendered judgment in his favor, and against the defendant, for $78 damages and costs. The defendant appealed to the district court on questions of law alone, and that court affirmed the judgment of the justice on the ground that the defendant did not take any exception to the order of the justice refusing to adjourn the case. The defendant appealed from the judgment of the district court to this court.

It is here conceded by the plaintiff, as it must be, that the justice, as a matter of law, should have granted the adjournment, but it is claimed that the defendant was bound to except to the refusal of the justice to adjourn the case; hence the action of the justice cannot be reviewed on appeal. The case of Bennett v. Phelps, 12 Minn. 216 (326), is relied on, with others, in support of this proposition. In that case the point was raised in the appellate court, on an appeal from the judgment of a justice of the peace on questions of law alone, that the judgment was not supported by the evidence, and this court held that the question could not be reviewed, as no exception was taken in the justice court. But the decision was based upon the then provisions of the statute (G. S. 1866, c. 65, § 107), to the effect that no questions of law could be raised or tried in the district court except those tried and raised in the justice court, and an exception duly taken, except that objections to the jurisdiction of the court, and that the complaint or answer did not state facts constituting a cause of action or defense, might be reviewed, although no exception was taken. These provisions, however, have been repealed, and, upon an appeal from the judgment

of a justice of the peace upon questions of law alone, the action must now be tried in the district court on the return of the justice. G. S. 1894, § 5071. It follows that the decision in the case cited, in so far as it rested upon the then statute, is not now the law.

The question of the sufficiency of the evidence to support the judgment of a justice of the peace may now be raised and tried in the district court on appeal on questions of law, although it was not raised in the justice court, and the ruling excepted to. Palmer v. St. Paul & D. R. Co., 38 Minn. 415, 38 N. W. 100. But it is still necessary to except to rulings of a justice of the peace as to the admission of evidence, the competency of witnesses, and to all other rulings made during the course of the trial, in order to review them on an appeal on questions of law alone, except that, where the record shows that there is no cause of action or defense or jurisdiction, there is no necessity for reserving an exception in order to review rulings as to such matters. Witherspoon v. Price, 17 Minn. 313 (337); Craighead v. Martin, 25 Minn. 41.

Now, this case falls within the exception; for it appears upon the face of the record that the justice had lost, by reason of the demand for an adjournment, jurisdiction to award judgment against the defendant at the time it was entered. Therefore it was not necessary to except to his refusal to grant the application to adjourn the case. The statute (G. S. 1894, § 4990) expressly provides that

"When the pleadings are closed, the justice, on the application of either party, shall adjourn the case for not exceeding one week."

This is mandatory, and suspends the right of the justice, when the application for adjournment is duly made, to then further proceed in the case except to adjourn the trial. Mattice v. Litcherding, 14 Minn. 110 (142). If the defendant had remained and taken part in the trial without objection and exception, we might have had a very different question. But he did not. He duly made and filed his application for an adjournment, and went his way, and then the justice, in defiance of the statute, entered in his docket an order denying the application, and proceeded to render judgment against the absent defendant on the merits. To permit such a judgment to stand, because no exception was taken to the arbitrary

action of the justice, would be a reproach to the administration of justice.

The judgment of the district court must be reversed, and case remanded, with directions to enter judgment reversing the judgment of the justice. So ordered.