### J. N. JOHNSON v. JAMES J. LITTLE.[1]

December 20, 1900.

Nos. 12,350—(168).

**Justice of the Peace—Adjournment.**

On a trial of a cause before a justice of the peace, when the pleadings are filed by consent of parties at a time to which the cause is adjourned after the return day, either party, as a matter of right, is entitled to an adjournment of one week from the day on which the pleadings are closed.

From the judgment of a justice of the peace in favor of plaintiff for $84.59, defendant appealed to the district court for Lac qui Parle county. In the district court the appeal was heard before Qvale, J., who made an order affirming the judgment. From a judgment entered pursuant to the order defendant appealed to the supreme court. Reversed.

*Frank Palmer,* for appellant.

*T. J. McElligott,* for respondent.

LOVELY, J.

This is an appeal from an order of the district court affirming a judgment by a justice of the peace in favor of plaintiff. The justice's summons was returnable February 27, 1900, at ten o'clock a. m., at which time the parties appeared by counsel, and entered into a stipulation to the effect that the case be adjourned until March 5, at ten o'clock a. m., when the pleadings were to be filed. On March 5 following, at the proper time, the case was called. Plaintiff's counsel appeared, and at his request the case

1 Reported in 84 N. W. 648.

was held open until one o'clock, when counsel for both parties appeared. By consent, plaintiff filed his complaint in writing; whereupon the defendant filed an answer, and then moved for an adjournment for one week, to which plaintiff objected. The justice sustained the objection, over defendant's exception, and received evidence to support plaintiff's claim. Defendant's counsel interposed no evidence, but remained in the justice court, and cross-examined plaintiff's witnesses; after which a judgment was rendered by the justice in favor of the plaintiff. Defendant appealed to the district court upon questions of law alone. Upon hearing in the district court, the judgment of the justice was affirmed.

The claim of the respondent in this court is that the provision of the statutes (G. S. 1894, § 4977), providing that the pleadings must take place on the return day and hour of the summons, unless the justice shall otherwise order for the convenience of the parties and with their consent, applies strictly to this case; and that the further provision in section 4990, that, "when the pleadings are closed, the justice, on the application of either party, shall adjourn the case for not exceeding one week," etc., does not apply, for the reason that the pleadings were not closed on the return day of the summons. This view was adopted by the court below. We cannot concur in the conclusion of the district court. These statutes seem to be very plain, and do not admit of any reasonable contest over their construction. Had the pleadings been closed on the return day, it is conceded, as it could not be denied, that either party would have been entitled to an adjournment for the purpose of preparing for trial, and that the result of a refusal to grant such adjournment would deprive the justice of jurisdiction to hear and determine the case on such return day. This was recently so held in this court. Franek v. Vaughan, 81 Minn. 236, 83 N. W. 982.

Considering the purpose of an adjournment in justice court after the pleadings are closed, which is to afford either party necessary time to prepare for trial, we cannot see that it makes any difference whether the pleadings are made up on the return day of the summons, or afterwards, by the consent of the parties, at such time as the justice may appoint. The adjournment of one

week after the return day by the consent of parties in this case, as entered by the justice, must be presumed to have been by the consent of such justice, which is equivalent to his appointment of the adjourned day with the consent of the parties for that purpose; and the provision of the statute (G. S. 1894, § 4990) that "when the pleadings are closed, the justice, on the application of either party, shall adjourn the case for not exceeding one week," is mandatory. This last provision seems too plain for contention, and the view of the court below would defeat its object and nullify its spirit as well as its literal terms. The fact that the parties on the return day of the summons agreed with the approval of the justice for a further time for filing the pleadings should not, under the letter of the statute itself or a sensible interpretation of it, deprive either party of his right of one week's time to prepare for trial.

Order reversed.