W. A. GRAYBILL v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

Crossing Whistles: INJURY TO ANIMALS: *Statute construed.* The failure to observe the ,statutory regulations, requiring a locomotive approaching a crossing to sound its whistle is negligence, which will warrant a recovery for cattle injured by the failure so to do, as such statutes are not solely for the protection of human beings.

CHARGE AND PROOF: *Evidence by inference.* Where there is evidence in an action for cattle injured at a railroad crossing,

from which it can be inferred that the accident would not have happened if the statutory signals had been given, it is not error to instruct that the failure to give suqh signals was negligence, but that it would not warrant a recovery unless the signals, if given, would have prevented the cattle from going on the track.

INSTRUCTION CONSTRUED.  An instruction, in an action for cattle injured by a train at a crossing, that if the cattle were moving towards the track the failure of the engineer to give the statutory signals or stop the train would constitute negligence, is not erroneous, when qualified by the statement that they must be doing so in such a way. as to lead an ordinarily prudent person to believe that they would go on the track and be struck by the train.

EQUIVALENT INSTRUCTIONS.  The refusal of an instruction, in an action for injuries to stoqk at a crossing by a special train, that the defendant had the right to run its trains at any time of the day or night, withvut regard to the schedule, and that the facts that the stock was injured by a special train is not to be considered as negligence, or as creating any liability on the part of defendants under the facts, is not error, where an instruction is given that the defendant had the right to run its trains at any time of the day or night, and the fact that the train was an extra train, or not running on schedule time, did not constitute negligence.

Instructions:  WHEN COPYING PLEADINGS IS NOT ERROR.  Where the petition is short and unambiguous in charging the defendant with negligence, it is not error to recite the pleadings or refer to them in the instructions.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, JANUARY 18, 1901.

ACTION to recover the value of stock killed at a highway crossing.  There was a trial to a jury, and a verdict and judgment for the plaintiff.  The defendant appeals.— *Affirmed.*

*J. C. Cook* for appellant.

*Riley Clark* and *H. L. Robertson* for appellee.

SHERWIN, J.—The stock in question escaped from the plaintiff's inclosure, and were killed in the daytime, on a highway crossing, by a train running as a special. Negligence is charged, in the operation of the train, in not using due care and watchfulness, and in not using the whistle and bell before reaching the crossing where the cattle were killed. It is also charged that the train was a wild one, and was at the time being run at a dangerously high rate of speed. There is a sharp conflict in the evidence as to whether the whistle was sounded and the bell rung at the whistling post for that crossing, and as to when the first danger signals were in fact given. The court instructed the jury that the statutory requirement that the "whistle shall be twice sharply sounded at least 60 rods before a road crossing is reached, and after the sounding of the whistle the bell shall be rung continuously until the crossing is passed," was for the safety of animals as well as persons, and that "a failure to give the signals required by this statute would be negligence on the part of the defendant; but, before such negligence would justify a recovery against the defendant, it must appear that if such signals had been given they would have prevented the cattle going on the track or frightened them away from the crossing." The appellant urges that this instruction is erroneous, applied to the facts in this case. We do not understand the contention to be that no case can possibly arise in which the aid of the statute can be invoked to protect live stock, but the claim here is that nothing is shown which indicates that a strict compliance with the requirements of the statute would have so operated on the cattle as to have in any manner changed their action, and this, we think, must be conceded, so far as positive and direct evidence is concerned.

A failure to give these statutory signals when approaching a crossing makes railway companies absolutely "liable for all damages which shall be sustained by any person by

reason of such neglect;" such failure is also made a misdemeanor. There is nothing in the language of the statute tending to show legislative intent to restrict its operation to the human family. It may be said, and indeed it has been held in two or three states, that the sole purpose of such legislation is to advise human beings of the approach of danger. But we think the reasons given for the decisions to which our attention has been called are not sound. They are based on the thought that all animal nature below man is incapable of intelligent action, and is not endowed with the sense of self-preservation or of fear. The contrary of these propositions we believe to be true. It is a matter of common observation that the attention of dumb animals is quickly attracted by any unusual noise, though at some distance, and that the approach of an unfamiliar object ordinarily holds the attention and arouses the instinct of fear and of self-preservation which all animal nature possesses. We think the statute must be construed in the light of this common knowledge, and that the legislature, by requiring this notice of the approach of trains, intended to protect as far as possible animals as well as man. This view finds support in Elliott, Railroads section 1206. In Shearman and Redfield on Negligence (5th ed.), section 427, it is said: "Although the statutes requiring railroad companies to ring bells or sound whistles when approaching road crossings are not enacted with primary reference to cattle, yet property, as well as persons, is within their protection." In *Orcutt v. Railway Co.*, 85 Cal. 291 (24 Pac. Rep. 661), the court construed a statute almost identical with ours, and held that the failure to give the statutory signals when approaching a road crossing amounted to presumptive negligence. A similar statute in Indiana was held to apply to animals in *Railroad Co. v. Finn,* Ind. App. (29 N. E. Rep. 790); and in *Railway Co. v. Ousler,* Ind. App. (36 N. E. Rep. 290), the same court held the failure to give the statutory signals

"negligence per se, and actionable in favor of one injured thereby, either in person or property." In *Hghl v. Railway Co.,* 61 Minn. 321 (63 N. W. Rep. 742, 52 Am. St. Rep. 598), an action for killing unattended stock, the failure to give the statutory signals was held competent evidence of negligence on the part of the defendant. It was so held, also in *Palmer v. Railroad Co.,* 38 Minn. 415 (38 N. W. Rep. 100); *Railroad Co. v. Hembree,* 85 Ala. 481 (5 South. Rep. 173). We have held, in effect, that when the safety of persons or animals requires signals of danger, the failure to give them may be negligence, in the absence of statutory requirements. *Gates v. Railroad Co.,* 39 Iowa, 45; *Jackson v. Railroad Co.,* 36 Iowa, 451. Such is also the holding in *Eddy v. Evans,* 7 C. C. A. 129 (58 Fed. Rep. 151).

Appellant says, however, there is no evidence on which to base the instruction complained of, inasmuch as nothing was offered tending to show that the cattle would have got out of the way if the statutory signals had been given. As we have said herein there is no direct or positive evidence bearing on this subject. Neither is there any direct evidence that they would have been driven away had the cattle alarm usually given been given at this time. But it will not be contended that trains may be operated without any attempt to keep cattle from the track when they are approaching it; for it is a well-known fact that such danger signals are given when stock is approaching a passing train, and in the majority of cases with the desired effect. If this result may be obtained when given on the closer approach of the train, we think it a proper question for the jury when relating to the statutory signals; for with the location of the highway and track before it, the distance that the train could be seen, the action of the cattle, and in this particular case the fact that they had been shortly before driven from the track by a young lad who was passing there on horseback, the jury had, at least, evidence before it

from which a reasonable inference might be drawn that the accident would not have happened had the statute been complied with. `Railroad Co. v. Fenn, supra;` and *Eddy v. Evans, supra,* wherein Judge Caldwell says: "The jury might well infer that, if the proper signals had been sounded when the horses were first discovered, or ought to have been discovered, the horse * * * could and would have got off the track." We must not be understood as holding that this inference will in all cases be sufficient to sustain a verdict, nor is it necessary to so determine in this case, for there was no special finding, and the jury may have based its verdict on negligence in other ways; but we do hold there was no error in giving the instruction complained of.

There is no just ground of complaint as to the sixth instruction given by the court. The particular language objected to, isolated, might be misleading and prejudicial, under the entire record; but the instruction, taken as a whole, fully, and we think fairly, covered the entire ground to which it related. The words, "or moving towards the track," were qualified by the statement that if they were doing so in a way to lead an ordinarily prudent person to believe they "would go upon the track, and be struck by the train," etc., this would constitute negligence, etc.

The defendant asked the court to instruct as follows, which was refused: "The defendant has the right to run trains over its road at any hour of the day or night, regardless of schedules; and you are instructed that the fact that the train which struck these cattle was a special train is not to be considered as negligence, or as evidence of negligence, nor shall you consider it as in any manner tending to create any liability on the part of defendant, under the facts in this case." The court, on its own motion, gave in lieu thereof this instruction: "The defendant had the right to run trains over its road at any hour of the day or night, and the fact that the train in question

was an extra train, or not running on schedule time, could not constitute negligence,"—which fairly, and completely enough, covered the point presented.

The petition was very short and simple, and the negligence therein charged was so unambiguous and so plainly stated that the court could not well make it more intelligible or shorter by reforming it. Under such circumstances, it is not error to recite the pleadings, nor to refer to them, as was done in the instructions. There could have been no misunderstanding of the issues as stated by the court. The judgment is AFFIRMED.