## J. W. KENNEDY v. D. D. KELLUM.[1]

October 23, 1903.

Nos. 13,602—(119).

**Justice of the Peace.**

> In this action, which originated in justice court, it is *held* that the pleadings were closed on the day to which the cause had been adjourned, and that the defendant was then entitled to an adjournment of the case for not exceeding one week, as a matter of right.

Appeal by defendant from a judgment of the district court for Clay county, Baxter, J., affirming a judgment of a justice of the peace for said county. Reversed, and remanded with instructions.

*Chas. S. Marden,* for appellant.

*E. E. Corliss,* for respondent.

START, C. J.

This action originated in justice court. The summons was returnable December 13, 1902, at ten o'clock a. m., at which time the parties appeared. The plaintiff filed his complaint, and the defendant asked for a continuance for one week, and to file his answer by December 18, and serve a copy thereof on the plaintiff within five days. Thereupon the justice adjourned the cause to December 20, at ten o'clock a. m. The defendant on December 15 filed his answer, which alleged a counterclaim, and served a copy thereof on the plaintiff. At the time to which the action was adjourned, the parties appeared. The justice then adjourned the case until 1.30 o'clock p. m. of the same day, at the request of the defendant, when the parties again appeared. The plaintiff filed a reply to the answer, putting in issue the alleged counterclaim. The defendant then amended his answer by omitting his counterclaim. The defendant moved an adjournment of the cause for one week, stating that it was necessary to take the depositions of certain witnesses. The motion was denied. The defendant excepted, and left the courtroom. The justice then heard the plaintiff's evidence, and rendered judgment in his favor and against the defendant, who

[1] Reported in 96 N. W. 792.

appealed therefrom to the district court on questions of law alone. The district court affirmed the judgment of the justice, and the defendant appealed to this court.

The sole question presented by these facts for our decision is whether the defendant was entitled, as a matter of right, to a continuance of the cause for one week, at the time he requested it. If he was, then the justice erred in denying the request and awarding judgment against the defendant. If the pleadings were closed on the day to which the cause was adjourned, and not before, the defendant was entitled, as a matter of right, to a continuance not exceeding one week. G. S. 1894, § 4990; Franek v. Vaughan, 81 Minn. 236, 83 N. W. 982; Johnson v. Little, 82 Minn. 69, 84 N. W. 648.

The question, then, stated concisely, is, were the pleadings closed on the adjourned day, and not before? We answer the question in the affirmative. This answer is strictly in accordance with the understanding and action of the parties and of the justice on the adjourned day until the defendant asked for a continuance for one week, for the plaintiff on that day filed his reply, and the defendant an amended answer, without objections.

The plaintiff, however, here claims that the pleadings were closed on the return day of the summons. The claim is contrary to the record, for only the complaint was then filed, leaving the matter of further pleadings open, the defendant having the right to thereafter file his answer. It is true that it was not expressly provided by the order of the justice that the plaintiff might reply to the answer in case it contained a counterclaim, but this was necessarily implied. Otherwise the defendant might, as he did, allege a counterclaim which would stand as admitted by the plaintiff if he had no right to reply. This right to reply was exercised by the plaintiff on the adjourned day, without objection from any one. How, then, can he now consistently claim that the pleadings were closed on the return day of the summons? The plaintiff also claims that the adjournment on December 20 from ten o'clock a. m. to 1.30 p. m. exhausted the defendant's right to an adjournment for one week. Whether this was an adjournment of the cause, within the ordinary meaning of the term, or simply a holding of the case open until a later hour of the same day, we need not inquire, for the fact remains that the pleadings were not closed until 1.30

o'clock p. m., when the right of the defendant to demand an adjournment of the case for not exceeding one week accrued.

Judgment of the district court must be reversed, and the case remanded, with directions to enter judgment reversing the judgment of the justice.   So ordered.