GEORGE E. DICKSON, Admr., Appellee, *vs.* THE GEORGE B. SWIFT COMPANY, Appellant.

*Opinion filed December 15, 1908—Rehearing denied Feb. 4, 1909.*

1. EVIDENCE—*when evidence as to ordinary route to be taken in setting line shaft is admissible.* Where a material issue in an action for death by wrongful act is whether the deceased, who was helping to set up a line shaft over the bins of an elevator building, should have used a walk around the bins instead of passing over them, a witness who assisted in the work may be asked to state what was the route that would ordinarily be taken in passing along the line shaft.

2. NEGLIGENCE—*what is ordinary care depends upon the particular circumstances.* While the different circumstances under which a person is placed may require the doing of different things for his personal safety and call for effort and circumspection proportionate to the known danger, yet the care demanded is merely such as a person of ordinary prudence would usually exercise under the same or similar circumstances, and is only ordinary care.

3. INSTRUCTIONS—*method of referring jury to the declaration is not the best.* While it is not reversible error to refer the jury to the declaration unless they are required to determine a question of law as to what are the material allegations, yet such method is not the best and does not conduce to a clear understanding on the part of the jury of the questions submitted to them.

4. SAME—*jury are bound to receive the law from the court.* The jury in a personal injury case are bound to receive the law

from the court and are not authorized to disregard the instructions and determine the law for themselves, and if their course in disregarding instructions is prejudicial to the defeated party it is ground for reversal.

5. SAME—*when rights are not waived by asking instructions on the merits.* A defendant is not bound to submit his case upon his instructions telling the jury to disregard certain counts of the declaration, since the court might refuse such instructions, and he does not waive his rights by asking instructions on the merits of the case.

6. APPEALS AND ERRORS—*when rule that party cannot avail of error he has induced the court to commit does not apply.* The rule that a party cannot avail himself of errors he has induced the court to commit has no application where the only error so induced was to present to the court erroneous instructions which are not complained of, on appeal, by the party presenting them.

7. SAME—*when jury's disregard of instructions is not ground for reversal.* A disregard by the jury of instructions given at the instance of the defendant eliminating the only remaining counts of the declaration, although other instructions authorized them to find for the plaintiff under certain conditions of the evidence, is not ground for reversal of a judgment for the plaintiff, where the instructions eliminating such counts were wrong and should not have been given.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county.; the Hon. R. W. CLIFFORD, Judge, presiding.

ELBRIDGE HANECY, F. J. CANTY, and R. J. FOLONIE, for appellant.

JOHN A. BLOOMINGSTON, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the First District affirmed the judgment for $5000 recovered by appellee, as administrator of the estate of John Carlson, deceased, in the circuit court of Cook county, against appellant, for damages resulting

from the death of the intestate while in the employ of appellant as a millwright. From the judgment of the Appellate Court this appeal was prosecuted.

The first thing which occurred upon the trial of which complaint is made is the overruling of an objection by defendant to a question asked of a witness for the plaintiff. The defendant was engaged in constructing the annex of elevator "B" of the Illinois Central Railroad Company at the foot of South Water street, in Chicago. The building was 280 feet long and 100 feet wide, and the interior consisted of about fifty bins, 70 feet deep, for holding grain. The bins had been constructed by means of scaffolds, and with one exception the scaffolds remained in the bins about two feet below the top. The deceased, with others, was engaged in preparing the building for putting in a line shaft running north and south at the top, over the bins. The line shaft was to go within about three feet of the roof and was to rest on bridge-trees, which, in turn, rested on stringers placed on the tops of the bins. There was no light except from dormer windows, which gave light enough to distinguish objects but it was perfectly dark in the bins. There was evidence that the windows were dirty and covered with dust and that there was practically no daylight. It is certain that the light was dim and that the beams and timber work threw shadows over the bins. The deceased was engaged in boring holes in the bridge-trees on which the line shaft was to rest, and in doing his work stood on scaffolds passing from one bin to another. He had been working in that way down one side and continued the work on the other side. Having finished his work at one bin he started to the next bridge-tree to bore holes in the timbers and stepped over the partition between the bins. In doing so he stepped into an open space where several boards had been removed from the scaffold, leaving a hole, and fell about 70 feet to the bottom of the bin and was killed. There

was a walk three feet wide near the side of the building and about eight feet from the wall. It would have been possible for the deceased to have gone across to that walk and used it and come back to where his work was, and it appears to have been claimed by the defendant that he ought to have taken that route. A witness who was assisting in leveling the line shaft was asked to state what was the route that would ordinarily be taken passing along the line shaft, and this was the question objected to. It was a material question in the case whether the deceased ought to have gone to the long walk running alongside of the building in moving from one place to another, or whether the ordinary route in use, with the knowledge of defendant's foreman, was to go directly along the line shaft, stepping over the intervening timbers. The court did not err in overruling the objection.

At the close of the evidence the defendant asked the court to instruct the jury to find it not guilty, which the court refused to do, and the refusal is assigned for error. The grounds on which it is claimed the court erred is that the defendant was not guilty of any breach of duty toward the deceased; that he assumed the risk of the conditions which caused his death and that he was guilty of negligence. The evidence favorable to the plaintiff fairly tended to show that the defendant was guilty of negligence in having an open hole along one side of the line shaft where the men were working and where the light was so dim that the condition of the scaffold was scarcely visible. The evidence did not establish that the deceased assumed the risk of a danger which the evidence tended to show was unknown to him and which in the exercise of ordinary care he would not have known, and neither did the evidence establish, as a matter of law, that he was guilty of contributory negligence. All these questions were properly submitted to the jury.

238 — 5

The first instruction given on behalf of the plaintiff defined the degree of care required of the deceased, and was the same as the first instruction given in *Chicago and Alton Railroad Co.* v. *Pearson,* 184 Ill. 386. Counsel admit that it was technically correct as applied to some cases but say that it was misleading as applied to this one. The argument made is, that the circumstances surrounding the deceased in this case were such as to call for the exercise of the highest degree of care, and that it was error to tell the jury that he was bound to use such care as a person of ordinary prudence and intelligence would usually exercise under the same or similar circumstances, but the jury should have been told that he was bound to exercise a high degree of care. It has long been settled in this court that one who is injured by the negligence of another may recover damages for his injuries if he has observed ordinary care for his personal safety and to avoid the injury. (*Chicago, St. Louis and Pittsburg Railroad Co.* v. *Hutchinson,* 120 Ill. 587.) What is such ordinary care depends upon the circumstances of the particular case as stated in the instruction. When the circumstances are such that an ordinarily careful and prudent person would take greater precautions for his own safety than under less threatening circumstances, the greater degree of caution would be ordinary care. (*West Chicago Street Railroad Co.* v. *Manning,* 170 Ill. 417.) While the circumstances in which a person is placed may differ and require the doing of different things for his personal safety and call for effort and circumspection proportionate to the known danger, the care demanded is such as a person of ordinary prudence would usually exercise under the same or similar circumstances, and is nothing but ordinary care after all. The court did not err in giving the instruction.

There were originally four counts in the declaration and the third and fourth were dismissed by the plaintiff, and the court gave, at the request of the defendant, instructions numbered 5 and 6, which eliminated the remaining counts.

By instruction No. 5 the jury were directed to disregard the first count of the plaintiff's declaration, and by the sixth they were instructed to disregard the second count. If the jury had obeyed these instructions they could not have returned the verdict for the plaintiff, and it is therefore evident that the jury disobeyed the instructions and returned the verdict notwithstanding the direction of the court. It is urged in support of the judgment that the defendant induced the court to commit error in giving the instructions and that it cannot take advantage of such error. The only thing the defendant did to induce the court to commit error, if there was any, was in presenting the instructions to the court. Instructions, when given, are the instructions of the court and not of the counsel who present them, and it is not usual to hold counsel responsible for the errors of the court. Neither was the defendant bound to submit the case on the fifth and sixth instructions, which might have been refused, and it did not waive its rights by asking instructions on the merits of the case. The defendant is not complaining because the court gave the instructions but is entirely satisfied with them, and the rule invoked does not apply. The plaintiff took no exception to the action of the court, and if the course taken by the jury in disregarding the instructions was prejudicial to the defendant the judgment would have to be reversed. The jury were bound to receive the law from the court and were not authorized to decide the law for themselves, either upon the assumption that they knew the law better than the court or that such a course would do justice between the parties. The court is the judge of the law and the jury of the facts.

In answer to the assignment of error counsel say that the court inadvertently gave the instructions under the impression that they had reference to the third and fourth counts instead of the first and second. That may, perhaps, be true and that they were given through negligence and inattention on the part of the court; and it may also be

true that the jury inadvertently disregarded them under the same impression which counsel imputes to the court, but the record affords no evidence with respect to either. It is certainly true that the circumstance illustrates the propriety of the court explaining the issues to the jury instead of adopting the convenient method of referring them to the declaration, which they are neither able to understand nor construe. It has never been considered reversible error to refer the jury to the declaration unless they are required to determine a question of law as to what are the material allegations. (*Fraternal Army* v. *Evans*, 215 Ill. 629.) But that method is not the best and does not conduce to a clear understanding on the part of the jury of the question submitted to them. (Thompson on Trials, secs. 1027, 2314, 2582; 11 Ency. of Pl. & Pr. 154; *Illinois Central Railroad Co.* v. *King*, 179 Ill. 91.) If the court had stated the issues to the jury, eliminating such charges as were to be disregarded, the jury would have understood what the law required of them, and no such blunder could have occurred as the giving of the contradictory instructions to disregard the only remaining counts and also to find for the plaintiff under certain conditions of the evidence. There was a flagrant disregard of the directions of the court to the jury, but if it is shown that the disregard of the instructions was not prejudicial to the defendant the judgment should not be reversed. In *McNulta* v. *Ensch*, 134 Ill. 46, the plaintiff in error complained that the jury must have disregarded an instruction, but the court concluded that the instruction was wrong, and held that if the jury did disregard it there was no legal wrong to the defendant. The first and second counts were sufficient and the court erred in instructing the jury to disregard them. It follows that the failure of the jury to obey the instructions did no wrong to the defendant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*