## BROOKS v. LINDSAY, AN INFANT, ETC.

*Charge to jury—Error to read pleadings without defining is-
sues—Charge limited to issues—Negligence—Measure of
damages.*

1. It is error for the trial court, in its charge to the jury, to
read the pleadings without defining the issues.
2. It is error for the trial court to charge the jury on issues
not made by the pleadings or evidence in the case.

(Decided January 9, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Sawyer & Paxon,* for plaintiff in error.
*Messrs. Littleford & Ballard,* for defendant in
error.

CUSHING, J. The issues made by the pleadings
in this case are that defendant below was negli-
gent in turning an automobile from the north side
of Eastern avenue across the street to the south
side of that street, and to the east side of Stanley
avenue; that defendant failed to give any warning
of his intention so to turn across Eastern avenue
into the east side of Stanley avenue; that the de-
fendant did not keep a proper lookout for vehicles
approaching the intersection of those streets, and
did not have his automobile under proper control.
The petition recites the injuries received by plaint-
iff and prays for damages in the sum of $25,000.

The defendant's answer, after making certain
admissions, denies the allegations of the petition.
For a second defense, defendant pleads negligence
on the part of the plaintiff, in that he was driving

his motorcycle at an excessive rate of speed, thirty-five miles an hour; that he was not looking ahead; that he did not give any warning of his approach; that he did not have his motorcycle under proper control; and that the collision was caused solely by plaintiff's negligence.

The case for trial was on a charge of negligence against the defendant, and the defense was sole negligence on the part of plaintiff.

This case is out of the ordinary in that the court did not define the issues to the jury at all, and when he undertook to charge the law of negligence he so far misstated it as to mislead the jury.

On the question of stating the issues, all that the court did was to read the pleadings. This has been held reversible error in *Traction Co.* v. *Stephens, Admr.,* 75 Ohio St., 171; *Traction Co.* v. *Forrest,* 73 Ohio St., 1, and *B. & O. Rd. Co.* v. *Lockwood,* 72 Ohio St., 586, and in many circuit cases.

Another rule is that the charge should be confined to the issues made by the pleadings and evidence. *Traction Co.* v. *Stephens, supra,* and many other cases.

In a part of the charge, when talking about negligence, the court injected several elements that tended to confuse rather than to simplify the definition of negligence. The court called the attention of the jury to the questions of contributory negligence, comparative negligence, gross and wilful negligence and the doctrine of last chance. None of these questions was made by the pleadings. The court did not correctly charge on any one of the issues thus injected into the case by him, and omitted to charge on the question of contributory negligence, if that was raised by the evi-

dence.  Nor did the court charge on the question of sole negligence of the plaintiff.

The court did not give the correct rule on the measure of damages, and incorrectly stated that the boy would be entitled to recover for the loss of time from his work.  When counsel called his attention to this error, the court said:

"The boy in this case being a minor, that element would revert, if any, at all, in favor of the father."

There was no question in the case that called for a statement that the minor had a right to recover for loss of time, or that that element would revert to the father.  It was not a question of reversion.

The jury should have been charged, in case the plaintiff's injuries were permanent, as to the effect the injuries would have, if any, on his earning capacity after he had arrived at the age of twenty-one.

The court further incorrectly charged the jury on the degree of care required of a boy of sixteen years of age.  He said:

"There was a different degree of care required of an adult such as you, and such as the court and others are, from a boy sixteen years old at the time of the accident."

For the errors in the court's charge, the judgment will be reversed and the cause remanded for a trial according to law.

*Judgment reversed and cause remanded.*

HAMILTON, P. J., and BUCHWALTER, J., concur.