# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 185

CINN. N. O. & T. P. RY. v. FUGAZZI CO.

Ohio Appeals, 1st Dist., Hamilton . Co.

No. 2912.  Decided Jan. 24, 1927

145.  BILLS & NOTES—The delivery to a person holding a bill of lading as the agent of another person, is tantamount to a delivery to the holder, if ratified by him.

923.  PLEADINGS—The trial court is not authorized, over objection of counsel, to admit evidence on any other issue than that made by the pleadings, and if same are made without objections, court may either exclude it, or, if a showing is made, may admit it, but must give opposite party time to prepare pleading to meet amended allegations.

465.  ERROR—It is error for a trial court to charge the jury on issues not made by the pleadings and the evidence in the case.

First Publication of this Opinion

CUSHING, J.

Fugazzi & Company, in an action against the Cincinnati, New Orleans & Texas Pacific Railway Co. stated three causes of action, growing out of a shipment of two cars of strawberries and one car of peaches.

The Company was charged with negligence in that they did not properly carry out the instructions to divert and forward the said cars, as a result of which the cars did not arrive at their destination, Columbus, Ohio, until late in the morning of the day following; and it was necessary to sell them at a much lower price than the prevailing early morning market price, to their damage in the sum of $1007.70.

At the conclusion of the trial, the jury, on Nov. 28, 1925 returned a verdict for Fugazzi for $567.50.  On Feb. 15, 1926 Fugazzi filed an amended petition and on the same day a motion for a new trial was overruled and judgment entered.

This action is a proceeding in error to reverse the lower court upon the following grounds: that the court erred in overruling a motion for directed verdict upon the ground that Fugazzi was not the lawful holder of the bill of lading; as to the admission of evidence not in conformity to the pleadings; that the court erred in its charge and several other grounds.  The Court of Appeals held:

1.  The delivery to a person holding such a bill of lading as the agent of another person, is tantamount to a delivery to the holder, if ratified by him.  The court therefore did not err in refusing to direct a verdict.

2.  The issues made by the pleadings was negligence, and over the objection of counsel, the court admitted evidence of what was a reasonable time and stated that it was within the discretion of the court to permit the pleadings to be amended.

3.  The trial court did have authority to permit amendments, and its duty was to try the issue made by the pleadings.  It was not authorized, over the objection of counsel, to admit evidence on any other issue than that made by the pleadings.

4.  If testimony had been introduced, without objection, that was not in accordance with the terms of the pleadings, the court then could allow an amendment to conform to the evidence.

5.  If testimony is offered that does not tend to establish the issues made by the pleadings, and is objected to at the time, the court must either exclude it, or if a showing is made, he may admit it, but must give the opposite party time to prepare pleadings.  Knights of Golden Rule v. Everding, 20 C. C. 689.  The Court therefore erred in admitting evidence on this question.

6.  The Court in its charge said that a reasonable time of delivery is to be determined by the jury and then goes into the question of what would be a reasonable time, that question not being made by the pleadings.

7.  It is error for a trial court to charge the jury on issues not made by the pleadings and the evidence in the case.  Brooks v. Lindsey, 17 Ohio App. Rep. 225; Traction Co. v. Stevenson, 75 OS. 171.  The evidence being improperly admitted it was error for the trial judge to so charge.

Judgment reversed and cause remanded.

(Buchwalter, PJ., and Hamilton, J., concur.)

Attorneys—Harmon, Colston, Goldsmith & Hoadly, for Railroad Co.; Hightower, O'Brien & Porter for Fugazzi; all of Cincinnati.