Argued October 9; affirmed November 18, 1930.

REKDAHL *v.* CHENEY

(293 P. 412)

*Johnston Wilson* of Portland (Elton Watkins of Portland on the brief) for respondent.

*E. L. McDougal* of Portland for appellant.

KELLY, J. ■ Appellant complains of the submission of this cause to the jury because of the assumed inadequacy of the evidence upon the question of damages. To adopt the reasoning of appellant upon this phase of the case would have the effect of holding that there can be no substantial recovery where children are the victims, because, at the time, they had no earning capacity. The statement of such a rule carries its own refutation.

Where a showing has been made, such as outlined in the statement of facts in this case, there is a basis for judgment; and the learned court below committed no error in overruling defendant's motion for a

directed verdict in his favor: *Houghkirk v. Pres., etc., Delaware, etc., Co.,* 92 N. Y. 219 (44 Am. Rep. 370); *Lake Erie & Western R. R. Co. v. Chriss,* 57 Ind. App. 145 (105 N. E. 62).; *Whitmer v. El Paso & S. W. Co.,* 201 Fed. 193, 198; *Carnego v. Crescent Coal Co.,* 164 Iowa 552 (146 N. W. 38, 1916D Ann. Cas. 794).

■■ The second assignment of error upon which appellant relies is based upon the following language appearing in respondent's requested instruction number three, which was given by the court:

"The violation of a law of this state in any or all of the above particulars, if you find that the law was violated in any or all of them, is negligence in itself, or at a speed in excess of twenty miles an hour, or at a speed in excess of fifteen miles an hour, if you find that Donald Cheney's view was obstructed at the intersection in accordance with the definition which I have just given you, you must find that the defendant was operating his automobile in a negligent manner."

The objection urged in the trial court to this instruction is that the same is contrary to the law, is not a correct statement of the law, and is inconsistent.

No objection was suggested on the ground that there had been an omission in that part of the court's charge of an entire phrase, which unquestionably was a mere inadvertence. We must assume that the learned and experienced trial judge seasonably advised himself of the exception actually noted by his official reporter at the instance of appellant; and, without a doubt, would have supplied such omitted phrase, if this omission had been assigned as a reason for appellant's exception.

The subject of this instruction is one so generally known and understood that we cannot think the jury were affected by the hiatus to the prejudice of appellant.

■ Appellant's reason for excepting to the giving of plaintiff's requested instruction number nine, which now constitutes the third assignment of error herein, is "that the test is made of not the savings, but the earnings of the deceased."

A careful consideration of the language employed by the court in giving this instruction convinces the writer of this opinion that it is not susceptible of such a construction. It is an instruction upon the measure of damages which has had judicial sanction many times. It is true that the instruction does not restrict the period of time to be considered in fixing the damages for decedent's death to the years of his majority. If that flaw had been the basis of appellant's exception, we are confident that the trial judge would have corrected the instruction in that respect. Not having raised the question in the court below, but, on the contrary, having requested an instruction bearing the same fault, the appellant is in no position now to urge the matter.

■ In considering the appellant's fourth assignment of error, it must be borne in mind that his exception is restricted to the failure of the court to explain the issues of the case concerning negligence and contributory negligence. It is not contended, nor could it be, that the court did not explain and declare the law upon the subjects mentioned. The question is as to whether it is reversible error, upon the part of the trial court to fail to explain the controverted allegations of the pleadings as such. We cannot commend such a course upon the part of the trial court; but we hold that in cases, such as this, where the allegations are simple and easily understood, and where the veniremen composing the jury had had several weeks experience as trial jurors, such a failure, upon the part of the trial

court, is not reversible error: *Cody v. Market Street Railway,* 148 Cal. 90 (82 P. 666); *Peterson v. Arland et al.,* 79 Wash. 679 (141 P. 63); *Lambert v. LaConner Trad. & Transportation Co.,* 37 Wash. 113 (79 P. 608); *Wallace v. Skinner,* 15 Wyo. 233 (88 P. 221); *Dickson v. Swift Co.,* 238 Ill. 62 (87 N. E. 59); *Krieger v. Aurora Elgin & Chicago R. R. Co.,* 242 Ill. 544 (90 N. E. 266); *Graybill v. Chicago M. & S. P. Ry. Co.,* 112 Iowa 738 (84 N. W. 946); *Cent. of Ga. Ry. Co. v. McKinney,* 118 Ga. 535 (45 S. E. 430).

The case of *Lambard-Hart Loan Co. v. Smiley,* 115 Okla. 202 (242 P. 212), cited by appellant, is a case where the record is voluminous. In *Keatley v. The Illinois Central Ry. Co.,* 94 Iowa 685 (63 N. W. 560), also cited by appellant, there was no statement of the issues in any part of the charge. In *Brooks v. Lindsay,* 17 Ohio App. 225, the court read the pleadings to the jury.

In the case at bar, the record is not voluminous. The court instructed the jury upon the issues with respect to negligence and contributory negligence, and the court did not read the pleadings to the jury.

In the case of *Railway Co. v. Lee,* 90 Tenn. 570 (18 S. W. 268), the court held upon the point in question in conformity with appellant's position in this case. Other errors necessitating the order of reversal which was made, were announced by the court, and it was admitted by counsel for plaintiff and defendant that there were still other errors in the charge sufficient to reverse the judgment. For these reasons we are unwilling to consider that case as controlling in the case at bar.

Finding no ground upon which to disturb the judgment herein, this case is affirmed.

BEAN, RAND and ROSSMAN, JJ., concur.