THE ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD CO.

*v.*

JAMES A. ODUM.

*Filed at Mt. Vernon April 2, 1895.*

1. INSTRUCTIONS—*what will cure omission of qualification.* The technical error in an instruction that if the engineer or fireman of a railroad train could, by reasonable care and watchfulness, have seen a team after it was on the track, in time to have stopped the engine without danger to the train, the company is liable, in omitting the qualification "before the collision," is cured by a subsequent instruction which fully states the rule.

2. SAME—*placing right of recovery on wrong basis, erroneous.* An instruction that if, from omission to give signals at a crossing, one attempting to cross was lulled into a feeling of security, the railroad company is liable, is erroneous, as the liability does not depend upon his being lulled into security, but upon damages occasioned by failure to give the signals.

3. SAME—*when erroneous instruction will be deemed cured.* An instruction incorrectly stating the law is not ground for reversal, where a subsequent instruction states it so clearly that the jury could not have been misled.

4. SAME—*construction of language concerning negligence.* An instruction, in an action for injuries at a railroad crossing, that if plaintiff was free from negligence, and defendant's servants were guilty of negligence, either in running over the crossing at a greater rate of speed than was usual and was reasonably safe for persons about to cross the track, or in not giving the required signals, and by reason of such negligence plaintiff and his property were injured,

verdict should be for the plaintiff, is not objectionable, as instructing the jury that running a train over a crossing at a greater rate of speed than usual is negligence.

5. SAME—*construction of language concerning damages.* An instruction that plaintiff's damages should be assessed "at such sum as the jury believe him entitled to, from the evidence," is not objectionable, as authorizing the assessment of damages at any sum the jury may believe the plaintiff entitled to.

*St. Louis, Alton and Terre Haute Railroad Co.* v. *Odum*, 52 Ill. App. 519, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Williamson county; the Hon. J. P. ROBARTS, Judge, presiding.

CLEMENS & WARDER, for appellant.

YOUNG & BAKER, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action brought by James A. Odum against the St. Louis, Alton and Terre Haute Railroad Company, to recover damages for an injury received while crossing defendant's track in a public highway near Marion, in Williamson county, on the sixth day of October, 1892. The declaration contained two counts. In the first count the defendant is charged with negligence in running its trains at a high and dangerous rate of speed. In the second count the defendant is charged with negligence in running its train at a high and dangerous rate of speed, and in failing to ring a bell and sound a whistle continuously for a distance of eighty rods before reaching the crossing. On a trial before a jury the plaintiff recovered a judgment for $2000, which, on appeal, was affirmed in the Appellate Court.

The Appellate Court, in speaking of the facts at the time of the accident, and the care exercised by the plaintiff and the negligence of the defendant, said: "The plaintiff was riding in a wagon drawn by a yoke of oxen,

along the public highway, towards the town of Marion, and while in the act of crossing defendant's track at a point about one hundred and fifty yards outside of the corporate limits of Marion, and where said highway crossed the track, defendant's train, consisting of an engine and caboose, coming down the track from the north, struck the wagon about the center, and plaintiff was thereby thrown some distance, and fell upon the ground and sustained serious injuries. A careful examination of the evidence in the record satisfies us the jury were fully warranted in finding defendant guilty of the negligence charged in the second count of the declaration; that such negligence caused the accident and injury to plaintiff; that he was in the exercise of reasonable care for his personal safety when approaching and attempting to cross the track of defendant's road at the time he was injured, and that the damages assessed were not excessive."

It will not be necessary to allude to the facts established by the evidence, except so far as may be necessary to obtain a correct understanding of the instructions, as the judgment of the Appellate Court affirming the judgment of the circuit court is conclusive of the facts.

There is but one error complained of during the trial which properly arises in the record for our consideration, and that is the ruling of the court on the instructions to the jury. Under this head it is claimed in the argument that the court erred in giving instructions Nos. 4, 5 and 7, for the plaintiff. No. 4 was as follows:

"If the jury believe the engineer or fireman could, by the exercise of reasonable care and watchfulness, have seen the plaintiff's team, after it was on the track, in time to have stopped the engine without danger to the train, then the defendant is liable for want of care and watchfulness, provided the plaintiff was, at the time, exercising reasonable care."

It is apparent that this instruction is technically incorrect. If the engineer, by the exercise of proper care,

could have seen the team, after it was on the track, in time to stop the engine, *before* the collision, without danger to the train, it was a duty incumbent on him to do so. But it will be observed that the instruction does not contain the qualification, *before the collision.* Whether the train was or could be stopped before it struck plaintiff's wagon was not submitted in the instruction. But while the instruction is inaccurate, the principle attempted to be laid down in it is so fully and plainly stated in the defendant's seventh instruction that we do not think the jury could be misled by the instruction complained of.

Instruction No. 5 was as follows :

"That the giving of four or five blasts of the whistle, or ringing of the bell for less distance than eighty rods, is not a compliance with the law, which requires the whistle or the bell to be sounded continuously for a distance of eighty rods before reaching the crossing; and if the jury believe from any omission to give the signal the plaintiff was lulled into a feeling of security in attempting to cross the railroad, and that he was exercising such care and caution as would have been exercised by a reasonably prudent man, then the verdict should be for the plaintiff, and damages should be assessed at such sum as the jury think the plaintiff entitled to, from the evidence."

The expression, "if the jury believe from any omission to give the signal the plaintiff was lulled into a feeling of security in attempting to cross the railroad," was condemned by this court in *Peoria, Pekin and Jacksonville Railroad Co.* v. *Siltman,* 67 Ill. 72, and *Toledo, St. Louis and Kansas City Railroad Co.* v. *Cline,* 135 id. 41. In the last case cited, in discussing a similar instruction, it is said (p. 49): "The first instruction for appellee was inaccurate. The statute imposes a liability upon railway companies for all damages sustained by reason of a neglect to either ring a bell or to sound a steam whistle when approaching places where their railroads cross a public highway.

156—6

The instruction does not make the liability of defendant for damages depend upon the fact that they were occasioned by a failure to ring a bell or sound a whistle, but dependent upon the fact that such failure lulled the plaintiff into a feeling of security. The plaintiff may have been lulled into a feeling of security by the neglect of defendant in that behalf, *non constat,* such neglect occasioned the injury." But while the instruction does not state the law correctly, two of the defendant's instructions, Nos. 8 and 14, place the question in such a clear light before the jury that we do not see how they could have been misled. No. 8 was as follows:

"Though the jury may believe the required signals were not given by the defendant, yet, unless the accident resulted as a consequence of such omission, the plaintiff is not entitled to recover by reason of failure to give the signals."

Under this instruction the fact that plaintiff may have been lulled into a feeling of security for the reason the signals were not given was a matter of no moment. Unless the accident resulted from the omission a recovery could not be had.

Instruction No. 7 was as follows:

"If the jury believe the plaintiff was free from negligence, and the defendant's servants were guilty of negligence, either in running over the crossing at a greater rate of speed than was usual and was reasonably safe for persons about to go across the track, or in not ringing the bell or sounding the whistle continuously for a distance of eighty rods, and that by reason of such negligence the plaintiff and his property was injured, then the verdict should be for the plaintiff, and his damages assessed at such sum as the jury believe him entitled to, from the evidence."

Appellant's counsel make these objections to the instruction: "In the first portion it tells the jury that the running of a train over a crossing at a greater rate of

speed than was usual is negligence. Furthermore, it authorizes the jury, in case they find for the appellee, to assess damages at any sum the jury may believe the appellee entitled to." While the instruction, as is evident from its reading, was not carefully prepared, and while it may not be entirely accurate, we do not think it liable to the objections urged against it. The instruction does not purport to tell the jury what is or what is not negligence. On the other hand, the substance of the charge in this regard is : If the jury find, from the evidence, that defendant's servants were guilty of negligence in running over the crossing at a greater rate of speed than was usual and was safe for persons about to cross the track, and by reason of such negligence plaintiff was injured, then the verdict should be for plaintiff. The use of the word "usual" may be regarded as inaccurate. Outside of incorporated towns and cities the speed of trains has not been regulated by law, and in the absence of a law regulating the speed, railroad companies may adopt such rate of speed as they choose, provided the rate of speed adopted does not endanger the safety of passengers or endanger the safety of persons who may have occasion to cross the tracks in the public highways. But the statement, "running over the crossing at a greater rate of speed than was usual," coupled with the words, "and was reasonably safe for persons about," etc., could not have misled the jury.

The other objection is not well founded, as, by the terms of the instruction, the jury were required to base their assessment of damages on the evidence,

On the application of the railroad company the court gave to the jury sixteen instructions, in which the law involved in the case was so fully placed before the jury that the errors contained in plaintiff's instructions could not have worked any injury to the appellant.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*