### THE FRATERNAL ARMY OF AMERICA

*v.*

### DOUGLAS EVANS *et al.*

*Opinion filed June 23, 1905.*

1. BENEFIT SOCIETIES—*when proof that society obtained certificate by fraud is proper.*  Proof that an affidavit used by a benefit society to obtain possession of a benefit certificate was obtained by false representations and intimidation employed by the person who procured it, is competent without proof that such person was then authorized to act as agent of the society, since ratification of his act is established by the facts that the society used the affidavit to obtain the certificate and retained the latter after the evidence disclosed the fraud employed in procuring the affidavit.

2. TRIAL—*when refusal of a peremptory instruction is proper.*  Refusal to direct a verdict in favor of the defendant benefit society upon the ground that the issuance of the certificate was procured by false representations and collusion of the assured and his physician is proper, where the testimony upon that phase of the case is conflicting.

3. INSTRUCTIONS—*reference to the declaration is not improper.*  It is not improper for an instruction to authorize the jury to return a verdict for the plaintiffs if they believe, from a preponderance of the evidence, that they "have made out their case as laid in their declaration."

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Montgomery county; the Hon. S. L. DWIGHT, Judge, presiding.

J. E. HOGAN, for appellant.

LANE & COOPER, and JETT & KINDER, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellant army issued a benefit certificate by which it was provided that in the event of the death of Mary E. Evans, a member of the army, $2000 should be paid, out of funds to be collected by the army, to the appellees, as beneficiaries of the said Mary E. Evans. This was an action on the case, with a count in trover. The declaration, in each of three counts thereof, alleged that said Mary E. Evans had departed this life while a member of the army in good standing, and that under the terms and conditions of said benefit certificate the mortuary benefit therein provided for became due and payable to the appellees in proportions as follows: $1600 to the appellee Douglas Evans, the husband, and $200 each to the appellees Grace and Rufus Evans, minor children of the deceased, and that proofs of death were duly filed with the proper officers of the army. The declaration in each of the counts also further alleged that after such proofs had been presented, the appellant army, with the intent and purpose "to cheat and defraud the plaintiffs and to fraudulently obtain the possession of said certificate, fraudulently and covinously represented to the plaintiff Douglas Evans that said policy had been fraudulently obtained; that the assured, before the certificate was issued, had consumption; that under the laws of the State of Illinois said certificate of insurance was void and could not be paid; that the plaintiffs obtained said policy under false pretenses and that their conduct in procuring the same was such as to subject them to a criminal prosecution, and then and there demanded the immediate surrender of the certificate as an immunity from such prosecution; that all these representations were knowingly false; that the assured did not have consumption; that under the laws of the State of Illinois said policy was not void, but valid; that plaintiffs

had not obtained the same by means of false pretenses, and that their conduct in procuring the same had not been such as to subject them to a criminal prosecution; * * * and demanded of him the surrender of the policy in consideration he should not be prosecuted and in consideration that they should pay him $1000, and through fear, coercion and intimidation caused the said Evans to surrender the policy, and that defendant now wrongfully and illegally had.possession and control of said policy; that the representations so made by defendant's agents and servants were utterly false and untrue, and known to be so by the parties making them," etc. The first and second counts demanded damages for the alleged wrongful acts of the appellant army, and the third count was in trover in the usual form. The plea was that the appellant army was not guilty. On a trial before the court and a jury, verdict and judgment in the sum of $2000 were rendered against the appellant army. On appeal the judgment was affirmed by the Appellate Court for the Third District, and this further appeal has brought the cause into this court.

The evidence tended to show that one Abrams, the supreme commander of the appellant army, and one Reese, the chairman of the board of directors, accompanied by one Dr. Hoyt, and having in their possession an affidavit signed and sworn to by the appellee Douglas Evans, went to the house of said Evans at or shortly after the hour of midnight and showed Evans the affidavit, and on the strength of the statements therein contained demanded that Evans should surrender the policy and execute an instrument releasing the appellant army from all liability thereunder, and by means of the affidavit procured Evans to surrender the policy to them and to execute a release thereof.

The court permitted the appellees to give in evidence certain statements alleged to have been made by one Dr. Hendricks to said Evans, and the admission of this testimony is assigned as for error. It appeared that Dr. Hendricks pro-

cured Evans to make and sign the affidavit, and that the affidavit was then delivered to Hendricks, and that Hendricks placed it in the possession of an officer of the subordinate lodge of the appellant army, and that it was forwarded to and came into the possession of said supreme commander of the army. The appellees contended that said Douglas Evans was induced to sign the affidavit by the fraud, misrepresentation, threats and intimidation on the part of said Dr. Hendricks. The ground of objection to the introduction of proof of the statements and acts of Dr. Hendricks when the affidavit was signed by Evans seems to be that it was not shown that Dr. Hendricks was the agent of or was authorized by the appellant army to make such statements, misrepresentations or threats or to obtain the affidavit. The existence of the agency was, under the circumstances, to be implied or established by ratification of the acts done by the alleged agent. Even in the absence of any proof to show that Dr. Hendricks was, when he procured the affidavit to be signed, authorized to act or was acting as the agent of the appellant army, if the appellant army accepted the affidavit and employed it as the means of securing possession of the policy from Evans for its benefit, it was not essential the appellees should prove that Hendricks had been authorized by the army to act as its agent, as a basis for the introduction of proof that misrepresentations were made and intimidation employed to procure the affidavit. The affidavit having been availed of by the appellant army as a means of securing the possession of the policy, and the benefit of the possession of the certificate or policy having been asserted and employed as a matter of defense in this action, the law will imply ratification of the acts of Dr. Hendricks in obtaining the affidavit. (1 Am. & Eng. Ency. of Law,—2d ed.—1209.) The doctrine has been deemed applicable and ratification has been implied where the person sought to be charged as principal had appropriated the proceeds of a trespass. (*Exum* v. *Bristu,* 35 Miss. 391; *Byne* v. *Hatcher,* 75 Ga. 289.) The

objection that the representations made or means used by Dr. Hendricks to procure the execution of the affidavit were not competent to be proved because of the absence of proof that Hendricks was the agent of and acting in behalf of the army was properly overruled. The objection to the proof did not raise the question whether a court of law might inquire into the validity of the release, nor is that question raised by the briefs of counsel.

The court refused to instruct the jury to return a peremptory verdict. It is urged the court should have given the instruction for two reasons: First, because of the utter lack of legal proof that the appellant army procured the policy to be surrendered or the release executed by any fraud whatever; and second, because the policy was procured to be issued by false statements made in the application therefor as to the health of the assured and by fraudulent collusion with the physician employed by the army to examine the assured, and for these reasons no recovery could be had thereon.

The contention that there was utter lack of proof of fraud on the part of the appellant army in procuring the surrender of the policy proceeds upon the other contention, that it was error to admit proof of the acts and attending statements of Dr. Hendricks when the affidavit was procured to be signed, without which there was, as appellant contends, no proof of fraud in procuring possession of the policy. We have seen that the implication that Dr. Hendricks was acting as the agent of the appellant army arose from the acts of the appellant army in availing itself of the benefit of the affidavit which Dr. Hendricks procured, and employing the affidavit as the means of securing the beneficiary certificate or policy, and in retaining, and insisting on the right to retain, the possession of the policy after being advised by the evidence of the manner in which the affidavit had been secured.

The evidence preserved in the record touching the charge that fraud, misrepresentation and false statements and fraud-

ulent collusion with the appellant's physician were employed
in procuring the issuance of the policy was conflicting, and
hence the trial court did not err in refusing to order a per-
emptory verdict for the appellant army on the second alleged
ground upon which the motion for that verdict was based.
Instruction No. 2 given at the instance of the appellant army
expressly advised the jury that if they believed, from the
evidence, that the policy was obtained by fraud and conniv-
ance of the assured and Dr. Hoyt or as the result of fraud
and collusion between them, the policy would be void and
that the verdict should be for the appellant army. Instruc-
tions Nos. 5 and 6 given in the same behalf were addressed
to the defense sought to be made that the beneficiary certifi-
cate or policy had been obtained by means of false and fraud-
ulent statements as to the health of the assured, and advised
the jury that if such fraud, circumvention or false statements
had induced the issuance of the policy, the verdict of the jury
should be that the appellant army was not guilty. These in-
structions were all that the appellant army was entitled to
ask, and the instruction asking for a peremptory verdict was
properly denied.

The fourth instruction given at the request of the appel-
lees is not justly subject to the criticism that it authorized
the jury to determine what were the material allegations of
the declaration. The instruction authorized the jury to ren-
der a verdict for the appellees if they believed, from a pre-
ponderance of the evidence, that the "plaintiffs have made
out their case as laid in their declaration." We have held
that it is not reversible error to so frame an instruction.
*Mt. Olive Coal Co.* v. *Rademacher,* 190 Ill. 538.

The judgment of the Appellate Court must be and is
affirmed.                                *Judgment affirmed.*