# George W. Cleveland, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. NEGLIGENCE—*running over highway crossings.* Railroad companies have the right to regulate the speed of their trains, but it must in such regulation keep in view the safety, not only of passengers, but also the safety of persons who may have occasion to cross the tracks in the public highways.

2. NEGLIGENCE—*precautions required at railroad crossings.* Just what precautions are necessary at railroad crossings is a question of fact, as in some cases greater precautions are required than in others. The facts and circumstances of each case must be considered, and the question of whether negligence has occurred is to be determined by the jury from such facts and circumstances under the instruction of the court.

3. CONTRIBUTORY NEGLIGENCE—*driving upon railroad tracks.* Whether it is negligence to drive upon railroad tracks in a jog or a trot is a question to be determined by the jury under all the facts and circumstances in evidence.

Action in case for personal injuries. Appeal from the Circuit Court of White county; the HON. ENOCH E. NEWLIN, Judge presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912.

P. J. KOLB and N. C. BAINUM, for appellant.

CONGER, PEARCE & CONGER and W. A. MUSSETT, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

In this case the jury returned a verdict for the plaintiff in the amount of $400, upon which judgment was rendered, to reverse which, this appeal is prosecuted by defendant.

The injury occurred at about eight o'clock in the evening of August 26, 1910. The appellee had started from the residence of one Charles Stein, about two miles southwest from the crossing in question, and was intending to go to Grayville, a distance of about ten miles from Stein's. He was driving a spirited mare. The highway extended north and south and the railroad from the northeast to the southwest and crossed the highway at an acute angle just north of the depot at Calvin. Calvin was a little village of forty to fifty inhabitants, and contained a store, blacksmith shop, warehouse, depot, and several other buildings.

These buildings were located on the west side of the highway, which constituted the principal street of the town, and were located mostly between the highway and the railroad. The train of appellant was running at a speed of forty to fifty miles an hour, and was an extra train running about twenty-five minutes ahead of the regular passenger. The evidence tends to show that the light of the engine was dim, and that about twenty or thirty seconds immediately prior to the injury, the engineer left his seat to shut off the injector, and did not see the appellee. The evidence further tends to show, that the railroad track passed through a cut until within a short distance of the depot, and that the view of the railroad track or any trains passing from the south was obstructed by the buildings along the road, including the depot and the coal house, and that the view of a train passing to the north would be cut off from a traveler going north, except at intervals, until at least such traveler should reach within a few feet of the railroad track. The appellee was traveling north upon this highway, and when within about one hundred and fifty yards of the crossing he stopped and listened for a train, and not hearing any, proceeded on his journey, and on attempting to cross the railroad track was struck by the engine, his buggy torn to pieces and horse killed, and the appellee was thrown upon the ground and more or less injured. Appellee claims that just before going upon the railroad he looked down the track, but saw no train, and thinks that the depot obstructed his view of the train.

The evidence further tends to show, that this crossing was used daily by a great number of people and perhaps more than any other crossing in that vicinity, and was the only road through the village of Calvin.

The verdict of the jury was based upon the third count of the declaration, which charges that the defendant negligently drove the said locomotive engine and cars up to and across the aforesaid crossing at a

dangerous and high rate of speed, to wit: At the speed of a mile a minute, which was dangerous to the public under the circumstances, by means whereof the engine then and there struck with great force and violence upon and against the plaintiff and his said horse and buggy.

It is contended by counsel for appellant, that no liability could exist because of the running at a high rate of speed over the crossing in question, and says the law undoubtedly is, that the railroad company can determine the speed at which it will run its trains, consistent with their safety, through sparsely settled communities and over the ordinary public highway crossings in such localities, and it is only when dangerous conditions over a crossing are so congested as to impede progress by those traveling on the highway, or when some extraordinary conditions exist, that any duty rests on the railway company to reduce speed at such crossings, and cites the case of C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576, in support of this contention; also the case of L. S. & M. S. R. R. Co. v. Barnes, 166 Ind. 7, which seem to support the contention of counsel, but we think the case of C. B. & Q. R. R. Co. v. Lee has been modified by later decisions of our Supreme Court, and that the true doctrine is, that the railroad companies have the right to regulate the speed of their trains, but it must, in such regulation, keep in view the safety not only of passengers, but also the safety of persons, who may have occasion to cross the track in the public highways.

In the case of St. L. A. & T. H. R. R. Co. v. Odum, 156 Ill. 78, which was an action for negligently running a train at a high and dangerous rate of speed over the crossing of a highway outside of a city or village and near Marion in Williamson county, the court says: "Outside of incorporated towns and cities the speed of trains has not been regulated by law, and in the absence of a law regulating the speed, railroad

companies may adopt such rate of speed as they choose, provided the rate of speed adopted does not endanger the safety of passengers or endanger the safety of persons who may have occasion to cross the tracks on the public highway.''

As we view the law in this case, it is the duty of railroad companies operating their trains, to have due regard to the safety of persons who may have occasion to cross the tracks on the public highway.

In this case, we think that it was within the province of the jury to take into consideration the amount this crossing was used, the local conditions with reference to buildings and their tendency to obstruct the view, with all the other facts and circumstances proven in the case, and determine from these whether or not the train was being operated at a dangerous rate of speed, and while it is not averred in the declaration that the engineer was not on the lookout at the time, yet that is a fact that may be considered by the jury with the other facts in the case, in determining whether or not the rate of speed was dangerous. If the engineer was on the lookout and able to see persons approaching a crossing, he might with safety run at a higher rate of speed than if he was attempting to perform some other duty and not on the lookout. As we view the law and the conditions here existing, it became a question of fact pure and simple for the jury to determine as to whether or not the train was being operated at a high and dangerous rate of speed.

Again it is insisted by counsel, that the cause of the injury was the direct result of appellee's failure to exercise ordinary care at and immediately prior to the time of his injury.

The evidence tends to show, that appellee when at the distance of about one hundred and fifty yards from the crossing in question stopped his horse and listened for the approach of a train, but not hearing any train, proceeded on his journey to the crossing, and

162    APPELLATE COURTS OF ILLINOIS.

Cleveland v. C., C., C. & St. L. R'y Co., 169 Ill. App. 157.

that just before attempting to cross the track he looked to see if there was a train approaching and was unable to see any, as he thinks, because his view may have been obstructed by the depot.

We are not able to say as a matter of law, that the appellee should have taken any other or greater precaution than as shown by the evidence that he did. Just what precaution was necessary, is a question of fact, as in some cases greater precaution is required than in others. In the case of C. B. & Q. R. R. Co. v. Lee, 87 Ill. 459, the court says, "As this was not a regular train or on usual time, the same degree of caution would not be required on his part, or such as if it were a regular train and on usual time."

There was evidence tending to show, that the appellee did use some caution, and the degree of caution used or required of him was purely a question of fact to be determined by the jury under all the facts and circumstances proven in the case.

It is insisted that because appellee drove on the track in a trot, that this necessarily precluded his recovery; however, the evidence shows that he was only driving in a jog trot, that he had stopped once to listen and then looked just before approaching the track, and the jury were instructed on behalf of appellant fully and very liberally as to his duties in approaching the track to look and listen for an approaching train, if under the circumstances reasonable care would require him to do so.

On looking back, it perhaps appears clearly that if the appellee instead of attempting to cross the track in a jog trot had come to a full stop, that no injury would have happened to him, but in determining what the appellee should have done at the time from the appearances as they then and there existed, was a question solely for the jury.

The appellant criticises the second instruction given on behalf of the appellee. We have examined the in-

struction carefully and do not believe that the criticism is well taken, and while it is true that in this particular instruction the special attention of the jury is not called to the required amount of travel over the crossing that makes the rate of speed dangerous to persons lawfully attempting to cross such highway while in the exercise of due care, but it is in harmony with and framed upon the same theory as appellant's sixth instruction, which advised the jury that appellant had a right to run its train at any rate of speed it thought proper, consistent with the safety of passengers and persons rightfully upon its right of way upon public crossings, who were exercising ordinary care.

We do not think the criticism is well taken, but the instruction is in harmony with the instruction given in the case of St. L. A. & T. H. R. R. Co. v. Odum, *supra*.

The errors here complained of relate to questions of fact, which were submitted to the jury, and also to the trial judge upon a motion for a new trial, and we cannot say that the verdict of the jury is manifestly against the weight of the evidence, or that the verdict of the jury was based upon passion or prejudice, as the damages allowed by the jury were very reasonable for the amount of damages that the evidence discloses that the appellee was entitled to, and the judgment is affirmed.

*Affirmed.*