# Sabo Sandor, Appellee, v. Verhovey Aid Association, Appellant.

1. INSTRUCTIONS, § 22*—*when reference to declaration not error.* An instruction that if the jury believe from a preponderance of the evidence that plaintiff has made out his case as alleged in the declaration he is entitled to recover is not erroneous.

2. INSTRUCTIONS, § 22*—*when instruction making reference to declaration not erroneous.* In an action on a sick benefit policy, an instruction that if the jury believed from a preponderance of the evidence that plaintiff had made out his case as alleged in the declaration he is entitled to recover is not objectionable as authorizing the jury to give the plaintiff such an amount as they think

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from the evidence he is entitled to receive, as the jury are required to base the assessment of damages on the evidence.

3. APPEAL AND ERROR, § 1241*—*when giving of modified improper instruction not error.* Where an instruction is improper as offered, and, after being modified, is still not good, it cannot be assigned as error by the party offering the instruction.

4. INSTRUCTIONS, § 137*—*when refusal of requested instruction proper.* A requested instruction not containing a correct theory upon which the jury should decide the case is properly refused.

5. INSURANCE, § 908*—*when instruction in action for sick benefits erroneous as based upon an incorrect theory.* In an action by a member of an insurance order on a sick benefit policy, a requested instruction that before the plaintiff could prosecute a claim against the company, where there had been an adverse decision to his rights by the officers of the company, that it was necessary for him to appeal from the decision of such higher officers as provided by the by-laws before he could institute the suit, *held* erroneous as being based upon an incorrect theory.

6. INSURANCE, § 854*—*when member must appeal from decision of officers of order.* It is the duty of a member of an insurance order in all cases where the controversy is concerning the discipline, policy or doctrine of the order to proceed in the manner prescribed by the association, and if an appeal as to such matters is provided for, then such member must prosecute an appeal.

7. INSURANCE, § 854*—*when court has jurisdiction to enforce rights of member of insurance order.* The courts have jurisdiction of an action by a member of an insurance order to enforce a money demand, although the by-laws of such order provide for an appeal from the decision of officers of the order before instituting a suit at law.

8. INSURANCE—*when evidence sufficient to sustain verdict in action for sick benefits.* In an action by a member of an insurance order to recover for sick benefits, evidence *held* sufficient to sustain the verdict.

9. INSURANCE, § 913*—*when plaintiff on appeal precluded from claiming construction of by-law contrary to theory on which case tried.* Where the plaintiff in an action on a sick benefit policy tries the case on the theory that under a section of the by-laws of the order he had a right to demand a total settlement and obtains an instruction construing the by-law in accordance with such theory, he is precluded from claiming on appeal that such section only warranted a compromise.

10. INSURANCE, § 717*—*when by-law of insurance order construed as not providing for compromise of claim for sick benefits.* A by-

*See **Illinois Notes Digest,** Vols. **XI** to **XV,** and **Cumulative Quarterly,** same topic and section number.

law of an insurance order providing that total settlement might be asked by a sick member or that it might be offered by the chief staff of officials, where the member was unable to prove his right to half benefits but his sickness, upon examination by physicians, was found to be of such a nature as would disable him for an uncertain length of time, but not for his whole life, and that benefits given under the title of total settlements should not exceed the amount of a half benefit, which was fixed at a certain sum, construed as not providing for a compromise.

11. INSURANCE, § 717*—*how by-laws of insurance order construed.* Where a benefit insurance order undertakes to insure a member against accident and such member has paid his dues and has been injured, he is entitled to such a reasonable and fair construction of the by-laws as will afford fair protection within their meaning.

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

A. G. HAGETER, ARTHUR E. SIMPSON and G. C. BORDERS, for appellant.

LOUIS BEASLEY and SILAS COOK, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This was an action instituted by appellee upon a benefit certificate issued to him by the appellant.

It appears from the evidence that the appellant was a benefit association organized under the laws of the State of Pennsylvania for the purpose of assisting members in case of sickness or death, and with its home or parent office in the State of Pennsylvania, and branch offices at several places, in which organizations were perfected. That on April 3, 1910, appellee became a member of branch No. 39 of said association located at Beaver Falls, Pennsylvania, and a benefit certificate was issued to him of that date, and under the by-laws he was required to make a monthly payment of $1.25 dues and an annual payment of $1. The

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

by-laws also provided a sick benefit of $6 per week for the first three months, to be paid out of the treasury of the branch, and for the next nine months he was to receive from the main treasury $5 per week. The amount of $500 was established by the by-laws as a half benefit. It is further provided by said by-laws: "Total settlement may be asked by a member, or it may be offered by the chief staff of officials, who, though unable to prove his right to half benefit, but whose sickness shall be found, on the ground of the special examination of the physicians, of such nature which will disable him for an uncertain time, but not for his whole life. Benefits which may be given under the title of total settlements cannot exceed the amount of a half benefit." That while appellee was a member of the association, in good standing, on the 2nd day of June, 1913, while engaged at work in the Studebaker Manufacturing Company at South Bend, Indiana, he became sick and disabled by reason of receiving a broken wrist, and the evidence tends to show that such disability has continued to the present time. The disability was reported and he received $6 per week for the first three months from the branch office and received the sum of $113.50 from the main treasury of the parent association, in weekly payments of $5 each. The evidence further tends to show that the parent association, after having paid said amount of money, refused to pay him any more upon the ground, as it claimed, that his inability to continue work was because of his failure to obey the instructions of the physician, to gradually use his arm so as to prevent his wrist from becoming stiff, and that when the parent association decided not to pay him any further sums of money he failed to appeal from the chief staff of officials to the committee on superintendency, as provided by the by-laws.

It appears from the evidence that in February, 1914, appellee returned to work at the Studebaker plant but

worked only a few hours because, as he claims, of his inability to perform the heavy work, and appellant says it was because of his refusal to use his arm to the extent to which he might have done. The evidence tends to show that he requested the lodge to make a lump sum settlement and that the branch office at South Bend made an examination of appellee's wrist and then refused to pay him more, and that no appeal was taken from this decision. Later on he came to the home of his brother in East St. Louis, and while living there was examined by two physicians who gave certificates tending to show that he was disabled and would be for an uncertain time, which he says he forwarded to the company, and a letter is introduced from the secretary of the company showing that a communication of some kind was received by the company on August 26th. The suit is instituted for the purpose of recovering what appellee claims to be a balance due him upon weekly benefits, and the amount due him upon a total settlement. The jury found a verdict in favor of appellee for the amount of $450.

The declaration in this case consisted of two counts; the first count being based upon appellee's right to recover the balance due him for weekly benefits to the amount of $75, and the second count being based upon what appellee claims to be owing to him on a total settlement, in a sum not exceeding $500.

The appellant seeks to reverse this case upon the grounds:

First. That instructions one, two and three given on behalf of the appellee were erroneous in that they directed the jury that if the plaintiff has proven the allegations contained in the several counts of the declaration by a preponderance of the evidence, then they should find for the plaintiff in whatever sum they believe from the evidence he is entitled to, if anything.

The first criticism is, that it is error to refer the jury to the declaration to ascertain the things necessary to

be proven. This instruction merely authorized a finding for the plaintiff if they believed from a preponderance of the evidence that the "plaintiffs have made out their case as alleged in their declaration," and has been repeatedly approved by the Supreme and Appellate courts of this State. *Fraternal Army of America v. Evans*, 215 Ill. 629; *Mt. Olive & Staunton Coal Co. v. Rademacher*, 190 Ill. 538. We do not believe it was necessary to limit the instruction to the particular amount claimed in the declaration.

The criticism that the amount claimed in the second count of the declaration is specific is not well taken as the by-laws state that upon a total settlement they shall receive an amount not to exceed a one-half benefit, which might be as much as $500.

The criticism that the jury may give the plaintiff such an amount as they think from the evidence he is entitled to receive, is not well taken and this exact point was passed upon in the case of *St. Louis, A. & T. H. R. Co. v. Odum*, 156 Ill. 78, where the language in the instruction was: "At such sum as the jury believe him entitled to from the evidence"; and the Supreme Court in passing upon that said the objection was not well founded as by the terms of the instruction the jury were required to base their assessment of damages on the evidence. This is unlike the class of cases referred to by counsel for appellant where the jury might be left open to consider questions of grief, inconvenience and matters of that character, which could not properly be considered as damages, but nothing of that character exists in this case.

It is next objected that the court erred in refusing instruction No. 5 offered on behalf of appellant, and modified. The instruction as offered was not proper, and the modification did not make it good. It is well settled that if an instruction is improper as offered, and that after being modified it was still not good, it cannot be assigned as error by the party offering the

instruction; independent of that the instruction did not contain a correct theory upon which the jury should decide this case.  The instruction was framed upon the theory that before the appellee could prosecute a claim against the company, where there had been an adverse decision to his rights by the officers of the company, that it was necessary for him to appeal from the decision of such higher officers as provided by the by-laws before he could institute this suit.  The modification simply provided that he could not institute a suit of this character unless he "knowingly neglected to exercise said right of appeal."  It is clearly the duty of a member of an order in all cases where the controversy is concerning the discipline, policy or doctrine of the order or fraternity to proceed in the manner prescribed by the association, and if an appeal as to such matters is provided for, then such member must prosecute an appeal, but where the member claims a money demand the "courts of justice are freely open to those who seek money due them upon a contract.   *   *   *   In determining whether courts will take jurisdiction, a distinction must be observed between cases in which the association subjects its members to discipline for wrong conduct or for violation of the rules of the order, and those instances in which the member appeals to the court to secure property rights or to enforce money demands." *People v. Order of Foresters,* 162 Ill. 78.

It is not compulsory upon the appellee to appeal from the decision of the officers of the company in the manner provided by the by-laws before resorting to a suit at law to recover the amount that he claimed was due him. *Supreme Lodge O. M. P. v. Meister,* 204 Ill. 527.

It is next insisted that the verdict is contrary to the evidence in the case, and is claimed by appellant that there was no evidence warranting half benefits and that total settlements contended for by appellee were

mere compromises under the section of the by-laws offered in evidence. While the evidence offered on behalf of appellant tended to show that the appellee was rendered unfit to continue his work after the expiration of a year by reason of his failure to obey the instructions of the physician, there was, however, some evidence offered upon the part of the appellee that tended to show that his wrist was rigid and stiff, and that there was some uncertainty as to when he would recover the proper use of such wrist, and the examinations had been made by the physicians and certificates thereof forwarded to the company to this effect, and owing to the conflict of the evidence as to these matters it was for the jury to determine the rights of the parties with reference thereto.

The criticism that the section of the by-laws with reference to total settlements was a mere compromise is not well taken, as we think, for two reasons: First. The by-laws provide that a total settlement may be asked by a member or it may be offered by the chief staff of officials when a person is not able to prove his right to a half benefit, when the sickness shall be found upon an examination by the physician to be of such a nature as will disable him for an uncertain time but not for his whole life; that under such circumstances a total settlement may be given which cannot exceed the amount of a half benefit. It seems to us that if a member of the order felt that he was entitled to a total settlement that he certainly had the right to demand it and receive it, if the conditions warranted it, or if the order preferred to give him a total settlement, instead of the payment of weekly benefits, it might do so under this section; but whether we are right or not upon our construction of this section of the by-laws, the case was tried by appellant upon the theory that appellee had the right to demand such settlement, for by the sixth instruction given upon behalf of the appellant the jury are informed as follows: "The court

instructs the jury that before you can find in favor of this plaintiff on the second count in his declaration, for a total settlement or for the payment of a lump sum on account of his alleged disability being of uncertain duration, you must find and believe from the evidence that plaintiff requested such total settlement before the institution of this suit and that his injuries and sickness were of such a nature as to disable him for an uncertain length of time.'' We think that where appellant adopted the theory that it did in the trial of this case, and obtained the above instruction from the court, placing this construction upon the by-laws, it is too late now to say that such section only warranted a compromise. The jury having determined that appellee offered to make a settlement, and produced evidence tending to show that the condition of his wrist was such as to show an injury of uncertain duration that such finding ought not to be disturbed.

The objection urged that the verdict is contrary to the law in the case, and error in overruling motion for a new trial, and the other matters urged by counsel for appellant, have been fully considered and determined under the foregoing errors, and it will not be necessary to give them any further consideration.

It is urged by counsel for appellant that there was no possible combination of figures as shown by the evidence that could be made that would produce the verdict of $450 as arrived at, and for that reason the judgment should not be entered. This is based upon the mistaken theory, as we think, that a total settlement would have to be $500, when in truth and in fact the by-laws provide that the total settlement should not exceed a half benefit, which is $500, and the jury were not necessarily required to give the full amount of the total settlement that would be allowed by the by-laws.

It is insisted by counsel that because of the small amount of assessments made that it is important that

the by-laws be strictly adhered to so that the funds of the association may not be depleted by unworthy claims. It is true that in the trial of a case of this character the court should see that there was at least merit in the claim before permitting a judgment to be rendered upon it, but as we understand the law where companies undertake to insure another against an accident and such party has paid their dues and assessments and have been injured that they are entitled to such reasonable and fair construction of the by-laws as will afford proper protection within their meaning.

We are unable to say that the verdict of the jury in this case is manifestly against the weight of the evidence or that such errors were committed by the court in the trial of the case as would require its reversal, and the judgment of the lower court is affirmed.

*Judgment affirmed.*